# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:17-cv-00774-SJD |
| Plaintiff, | CLASS ACTION |
| v. | **STIPULATION OF SETTLEMENT** |
| MERIDIAN BIOSCIENCE, INC., JOHN A. KRAEUTLER, and MELISSA A. LUEKE | Judge:      Hon. Susan J. Dlott |
| Defendants. | |

**THIS STIPULATION OF SETTLEMENT,** dated September 5, 2019, is made and entered into by and among the following parties to this Litigation: (i) Court-appointed Lead Plaintiff Barbara Forman ("Plaintiff") (on behalf of herself and all Members of the Settlement Class), by and through counsel of record in the Litigation; and (ii) Meridian Bioscience, Inc., John A. Kraeutler, and Melissa A. Lueke (collectively, the "Defendants"; together with Plaintiff, the "Parties" or "Settling Parties"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, release, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.      THE LITIGATION

On November 15, 2017, Plaintiff filed a putative class action complaint against Defendants Meridian Bioscience, Inc., John A. Kraeutler, and Melissa A. Lueke, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, as well as Section 20(a) of the Exchange Act. (ECF No. 1).

On February 15, 2018, the Court appointed Plaintiff as Lead Plaintiff for the proposed class. (ECF No. 20).

On April 16, 2018, Plaintiff filed her Amended Complaint for Violations of the Federal Securities Laws, alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 (ECF No. 29).

On June 15, 2018, Defendants moved to dismiss the Complaint (the "Motion to Dismiss") (ECF No. 32).

On August 14, 2018, Plaintiff filed an Opposition to Defendants' Motion to Dismiss (ECF No. 34).

On September 25, 2018, the Parties engaged in a mediation before Robert A. Meyer, Esq. (the "Mediator"). In advance of this mediation, the Parties submitted separate mediation submissions setting forth their views of the case and potential damages.

On September 28, 2018, Defendants filed their reply in further support of their Motion to Dismiss.  (ECF No. 35).

On February 13, 2019, the Court entered an order granting the Motion to Dismiss and dismissing the action (the "Dismissal Order") (ECF No. 36).

On March 13, 2019, Plaintiff moved to Reconsider, Set Aside, Alter, Amend, or Vacate the Dismissal Order pursuant to FRCP 59(e), 60(b)(1), and/or 60(b)(6) (the "Motion for Reconsideration") (ECF No. 39).

On May 20, 2019, and after full briefing by the Parties, the Court granted Plaintiff's Motion for Reconsideration, denying Defendants' Motion to Dismiss in part (ECF No. 42).

Following the Court's order, the Parties commenced negotiations regarding discovery and a proposed progression schedule for submission to the Court. During these discussions, the Parties also discussed a potential second mediation before the Mediator.

On May 30, 2019, Defendants filed an unopposed motion requesting an extension of the deadline to answer or otherwise plead. (ECF No. 44). The Court granted the request the following day.

On June 13, 2019 the Parties filed a joint motion for an extension of time until July 22, 2019 to submit a proposed scheduling order and to answer. (ECF No. 45). The Court granted the motion the following day.

On June 24, 2019, the Parties engaged in a second mediation before the Mediator. In advance of this mediation, the Parties submitted updated mediation submissions setting forth their

STIPULATION OF SETTLEMENT
1:17-CV-00774-SJD

views of the case and damages, as impacted by the Court's decision on the Motion to Dismiss and Motion for Reconsideration.

On July 9, 2019, the Parties filed a joint motion, informing the Court that the Parties had reached a tentative agreement for the resolution of this Litigation in full and requesting that the Court stay all pending deadlines to allow them time to negotiate and submit a written settlement agreement and motion for preliminary approval of a class action settlement. (ECF No. 46).

On July 12, 2019, the Court granted the request and vacated all deadlines pending finalization and submission of the settlement documents to the Court. (ECF No. 47).

## II.     CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiff and her counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiff and her counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiff and her counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the Litigation. Plaintiff and her counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiff and the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants believe that the claims asserted in the Litigation are completely without merit. Defendants have expressly denied and continue to deny any and all wrongdoing whatsoever and

maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants have denied, and continue to deny, each and all of the claims alleged by Plaintiff in the Litigation and deny that they have committed any wrongful acts or violations of law, including that they made any material misrepresentations or omissions. Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also deny, among other things, the allegations that the Plaintiff or the Settlement Class have suffered damages or were harmed in any way by any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. In addition, Defendants believe that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have agreed to enter into the Settlement to avoid the expense, distraction, and time associated with continuing the Litigation. Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Nothing in this Stipulation shall be construed or deemed to be an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever, or with respect to the validity of the defenses that any Defendant has asserted or may assert.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, on behalf of herself and all Settlement Class Members, and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and all matters encompassed

within the scope of the releases set forth herein shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows:

## DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Settlement Class Member who files a Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means A.B. Data, Ltd.

1.3 "Complaint" means and includes the original class action complaint filed on November 15, 2017, as well as each subsequent version of that pleading, including the Amended Complaint (filed April 16, 2018).

1.4 "Court" means the United States District Court for the Southern District of Ohio.

1.5 "Defendants" means Meridian Bioscience, Inc., John A. Kraeutler, and Melissa A. Lueke.

1.6 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 9.1 of the Stipulation have been met and have occurred.

1.7 "Escrow Account" means the interest-bearing account deposited with the Escrow Agent.

1.8 "Escrow Agent" means Citibank, N.A.

1.9 "Fee and Expense Application" means the application or applications Plaintiff's Counsel may submit for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus up to $70,000 in expenses incurred in connection with prosecuting the Litigation, plus any

interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. The Fee and Expense Application may also include a request on behalf of Lead Plaintiff of her reasonable costs incurred in the representation of the Class, including lost wages, not to exceed $10,000.

1.10    "Fee and Expense Award" means the order of the Court authorizing the payment from the Settlement Fund of Counsel's attorneys' fees and expenses if and to the extent allowed by the Court. The Fee and Expense Award may include an award on behalf of Lead Plaintiff of her reasonable costs incurred in the representation of the Class, including lost wages, not to exceed $10,000.

1.11    "Final" means the time when the last of the following with respect to any judgment or order, including the Judgment, shall occur: (i) the expiration of the time to file a motion to set aside, alter, amend, or vacate under Federal Rule of Civil Procedure 59(e) or 60(b) without any such motion having been filed; (ii) the expiration of the time to appeal the judgment or order without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, payments to Lead Plaintiff for her time and expenses, the Plan of Allocation of the Settlement Fund, the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants. Any appeal or proceeding relating solely to one or more of these excluded issues shall not in any way delay or

affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, whether the Settlement Class should be certified for purposes of effectuating the Settlement, and whether the Court should enter a Judgment approving the proposed Settlement.

1.13 "Meridian" means Meridian Bioscience, Inc.

1.14 "Individual Defendants" means John A. Kraeutler and Melissa A. Lueke.

1.15 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Parties and approved by the Court.

1.16 "Magellan" means Magellan Diagnostics, Inc.

1.17 "Lead Counsel" means Levi & Korsinsky, LLP.

1.18 "Lead Plaintiff" or "Plaintiff" means court-appointed lead plaintiff Barbara Forman, as ordered by the Court on February 15, 2018 (ECF No. 20).

1.19 "Litigation" and "Action" both mean and refer to this proceeding, *Forman v. Meridian Bioscience, Inc., et al.*, Case No. 1:17-cv-00774-SJD, pending in this Court.

1.20 "Local Counsel" means Cummins Law LLC.

1.21 "Net Settlement Fund" means the Settlement Fund less (i) any Fee and Expense Award; (ii) Notice and Administration Costs; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.22    "Notice" means the Notice of Proposed Class Action Settlement, in the form annexed hereto as Exhibit A-2 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.23    "Notice and Administration Costs" means the reasonable costs and expenses that are actually incurred in connection with (i) providing notice of the Settlement to the Settlement Class; (ii) locating Settlement Class Members; (iii) assisting with the filing of claims; (iv) processing Proof of Claim and Release forms; (v) administering and distributing the Net Settlement Fund to Authorized Claimants; and (vi) paying escrow fees and costs, if any.

1.24    "Party" or "Parties" means individually or collectively, as the context requires, Plaintiff and the Defendants.

1.25    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal, business, or political entity.

1.26    "Plaintiff's Counsel" means Lead Counsel and Local Counsel, collectively.

1.27    "Plan of Allocation" means a plan or formula for allocation of the Net Settlement Fund to be approved by the Court, which plan or formula will govern the distribution of the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and Released Persons shall have no responsibility for the Plan of Allocation or its implementation and no liability with respect thereto.  Any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment or any other orders entered by the Court pursuant to this Stipulation.

1.28    "Postcard Notice" means the Postcard Notice of Proposed Class Action Settlement, in the form annexed hereto as Exhibit A-1 to the Preliminary Order, or such substantially similar form agreed to by the Settling Parties and approved by the Court.

1.29    "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, in the form annexed hereto as Exhibit A, or such other substantially similar form agreed to by the Settling Parties, as entered by the Court.

1.30    "Proof of Claim and Release" means a completed Proof of Claim and Release, substantially in the form of Exhibit A-4 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release, submitted as required under ¶ 7.3 herein.

1.31    "Related Persons" shall mean: (1) with respect to Meridian and Magellan, each of their predecessors, successors, past, present, or future parents, subsidiaries, and affiliates, each of their respective past, present, or future officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which Meridian or Magellan has or had a controlling interest; and (2) with respect to the Individual Defendants, their respective spouses, immediate family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present, or future parents, subsidiaries, affiliates, and each of their respective past, present, or future officers, directors, shareholders, agents, partners, principals,

10

members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

1.32    "Released Claims" means any and all claims, demands, and causes of action of every nature and description (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, charges, or liability whatsoever), whether known or unknown or discoverable or undiscoverable, whether class, derivative, or individual in nature, which now exist or have existed or have been or could have been asserted in any forum by Plaintiff or any Settlement Class Member, or any Person claiming through or on behalf of any of them, against any of the Released Persons arising out of or relating to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in this Action, or which could have been alleged in this Action. Released Claims do not include claims to enforce the Settlement.

1.33    "Released Persons" means each and all of the Defendants, and their respective Related Persons.

1.34    "Settlement" means the settlement between Plaintiff, on behalf of herself and all Settlement Class Members, and Defendants on the terms set forth in this Stipulation.

1.35    "Settlement Amount" means Two Million One Hundred Thousand Dollars and zero cents ($2,100,000.00).

1.36    "Settlement Class" and "Settlement Class Members" mean and include, for purposes of this Settlement, and to be certified pursuant to Fed. R. Civ. P. 23 for the purpose of effectuating this Settlement only: all Persons who purchased or otherwise acquired securities of Meridian during the Settlement Class Period, including Plaintiff, and were allegedly damaged

thereby. Excluded from the Settlement Class are Defendants; members of the Individual Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family (as defined by SEC regulations); and the legal representatives, heirs, or successors-in-interest of the Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in the Notice.

1.37    "Settlement Class Period" means the period between March 24, 2016 and October 23, 2017, inclusive.

1.38    "Settlement Fund" means the Settlement Amount, plus any accrued interest earned thereon.

1.39    "Defendants" means Meridian and the Individual Defendants, collectively.

1.40    "Settling Parties" means Lead Plaintiff and the Defendants, collectively.

1.41    "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto, each of which is incorporated by reference as though set forth in the Stipulation itself.

1.42    "Summary Notice" means the summary notice describing the Settlement of the Litigation and the Final Approval Hearing, in the form annexed hereto as Exhibit A-3 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

1.43    "Supplemental Agreement" means the confidential agreement described in ¶ 9.5 of this Stipulation.

1.44 "Taxes" means all federal, state and local taxes of any kind (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned on the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes.

1.45 "Tax Expenses" means any expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.9.

## THE SETTLEMENT

### *The Settlement Fund*

2.1 In consideration of the terms of this Stipulation, and in full settlement of all Released Claims against all Released Persons, Meridian shall pay or cause to be paid the Settlement Amount to a separate, interest-bearing Escrow Account designated and controlled by the Claims Administrator on behalf of Plaintiff and the Settlement Class no later than twenty-five (25) days after both of the following have taken place: (a) the Court has entered the Preliminary Approval Order granting preliminary approval of the Settlement; and (b) Meridian's counsel have received from Lead Counsel a Form W-9 providing the tax identification number for the Escrow Account. No other Defendant or Released Person shall be responsible for any payments of any kind under this Stipulation.

2.2 The payments described in ¶ 2.1 are the only payments to be made by or on behalf of Defendants in connection with this Settlement. All fees, costs, and expenses incurred by or on

behalf of Plaintiff and Settlement Class Members associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, Notice and Administration Costs, and any Fee and Expense Award, shall be paid from the Settlement Fund, and in no event shall Released Persons bear any responsibility or liability for any such fees, costs, or expenses.

2.3    This is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither Meridian nor any other Person that paid any portion of the Settlement Fund on Defendants' behalf shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  In no instance shall Meridian (or any other Defendant or Released Person) be required to pay any amount in excess of the Settlement Amount.

**The Escrow Agent**

2.4    The Escrow Agent shall invest the Settlement Amount(s) deposited pursuant to ¶ 2.1 hereof in short-term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to any investment decisions or actions taken, or any transactions executed, by the Escrow Agent.

2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.6     Subject to further order and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.8     Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay Notice and Administration Costs actually incurred consistent with this Stipulation and ¶ 18 of the Preliminary Approval Order in a cumulative amount not to exceed $100,000.

*Taxes*

2.9     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to timely occur.

(b)     For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.9(a) hereof) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9(c) hereof.

        (c)     All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in no event shall any Released Person, their counsel, or their insurers have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). In all events neither Defendants nor their counsel and insurers, nor any other Released Person, shall have any responsibility for or liability whatsoever with respect to any Taxes or Tax Expenses or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

*Termination of the Settlement*

2.10     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective or Final for any reason, the Settlement Amount, including accrued interest, less any Notice and Administration Costs, Taxes, and Tax Expenses paid, incurred, or due and owing shall be refunded to such Persons that paid the Settlement Amount(s) in accordance with ¶¶ 8.3 and 9.6 herein.

## PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING

3.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court in accordance with the Court's instructions.

3.2     Lead Counsel shall request that, after notice is given, the Court hold a Final Approval Hearing to consider and determine, among other things, whether to approve the Settlement pursuant to the terms of this Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement and dismissing the Litigation with prejudice.  At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## CERTIFICATION OF THE SETTLEMENT CLASS

4.1     For purposes of this Settlement only, and subject to approval by the Court, the Settling Parties stipulate to: (i) certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiff as the class representatives for the Settlement Class; and (iii) appointment of Lead Counsel as counsel to the Settlement Class.

4.2     Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for purposes of the Settlement. If this Stipulation is terminated, the Settlement is not approved by the Court, or the Effective Date does not occur for any reason, any certification of the Settlement Class will be null and void and the Litigation shall proceed as if the Settlement Class had never been certified. Defendants expressly reserve all rights and grounds to oppose class certification in the event the Stipulation is terminated, the Settlement is not approved by the Court, or the Effective Date does not occur for any reason.

## REQUESTS FOR EXCLUSION

5.1     Settlement Class Members requesting exclusion from the Settlement Class shall be requested to provide certain information in the manner described in the Settlement Notice. Any request for exclusion must also be signed by the Person requesting exclusion.

5.2     All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. The deadline for submitting requests for exclusion shall be set by the Court, but shall be no later than twenty-one (21) calendar days before the Final Approval Hearing. Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court.

5.3     Copies of all requests for exclusion received by the Claims Administrator, Lead Counsel, and counsel for Defendants, together with copies of all written revocations of requests for exclusion, shall be delivered to counsel for all Parties within five (5) calendar days of receipt and in no event later than fourteen (14) calendar days before the Final Approval Hearing.

## RELEASES

6.1     The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims.

6.2     Upon the Effective Date, Plaintiff and all other Settlement Class Members, each of their respective Related Persons, and all other Persons claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Plaintiff's Counsel's Fee and Expense Application.

6.3     Upon the Effective Date, Plaintiff, all Settlement Class Members and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

6.4     Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, Settlement Class Members, Lead Counsel, and their respective Related Persons from all claims arising out of or relating to the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims; provided, however, that nothing herein shall in any way restrict

or impair the rights of any Defendant or other Released Person to enforce the terms of the Stipulation and Settlement.

6.5     Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims.  Nevertheless, upon the Effective Date, Plaintiff shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or  non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have waived and relinquished, and by operation of the Judgment shall have waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of unknown claims in the definition of

Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

6.6     Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants with respect to their insurers and/or the insurers' Related Persons, including, but not limited to, any rights or claims under any directors and officers' liability insurance or other applicable insurance coverage maintained by Meridian.

## ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

7.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary under the circumstances, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

7.2     The Settlement Fund shall be applied as follows:

(a)     To pay the Notice and Administrative Costs, including:

i.     Printing and mailing of the Postcard Notice, Notice, and Proof of Claim and Release to the Settlement Class;

ii.     Publication of the Summary Notice;

iii.     The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv.     Costs to reimburse brokers or nominees in connection with dissemination of the Postcard Notice and Notice to the Class;

v.     Fees and expenses reasonably and actually incurred in locating members of the Settlement Class;

(b)     To pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims and processing of Proofs of Claim and Releases;

(c)     To pay escrow fees and costs, if any;

(d)     To pay Taxes and Tax Expenses;

(e)     To pay the Claims Administrator's fees in connection with the administration of the settlement, which will not exceed $100,000.00, not including Notice and Administrative Costs;

(f)     After the Judgment is Final, to pay the Fee and Expense Award; and

(g)     After the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the Court.

7.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further orders of the Court as circumstances may warrant or require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following: Within ninety (90) days after the mailing of the Postcard Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-4 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.  All Proof of Claim and Release forms must be submitted by the date specified in the Notice, unless such period is extended by the Court.

7.4     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period described in ¶ 7.3 above, or such

other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

7.5    The Claims Administrator shall calculate the Claims of Authorized Claimants, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be, subject to the payment of any additional previously unreimbursed Notice and Administration Costs, donated to an appropriate, non-profit 501(c)(3) charitable organization as determined by Lead Counsel.

7.6    Defendants, their counsel, their insurers, and all Released Persons shall have no role in, responsibility for, interest in, or liability with respect to any of the following:  (i) any act, omission, or determination of Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with administering the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the review, determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the

Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or filing of any returns. No Person shall have any claim of any kind against Defendants, their counsel, their insurers, or any Released Person with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund, and Lead Plaintiff, all Settlement Class Members, and Lead Counsel release Defendants, their counsel, their insurers, and all Released Persons from any and all liability arising from or with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund.

7.7     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. It is further understood and agreed by the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

## PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND EXPENSES

8.1     Plaintiff's Counsel may submit the Fee and Expense Application for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus up to $70,000 in expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Any Fee and Expense Award shall be payable solely

from the Settlement Fund. Aside from payment of the Settlement Amount, no Defendant or any other Released Person shall have any obligation to pay any portion of Plaintiff's Counsel's attorneys' fees or Litigation expenses or the Fee and Expense Award, and Defendants shall take no position with respect to Plaintiff's Counsel's Fee and Expense Application.

8.2    The Fee and Expense Award, if and to the extent allowed by the Court, shall be paid to Plaintiff's Counsel from the Settlement Fund upon the Court's entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or any appeal or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund as specified below in ¶ 8.3. An award of attorneys' fees and/or expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiff nor Plaintiff's Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation expenses.

8.3    If the Effective Date does not occur, or the Judgment is reversed or modified, or the Fee and Expense Award is reduced or reversed, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiff's Counsel shall within seven (7) days after (a) receiving notice of termination of the Settlement from Defendants' counsel or (b) any order reversing or modifying the Judgment or reducing or reversing the Fee and Expense Award has become Final, refund to the Settlement Fund the fees and expenses previously paid to Plaintiff's Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund, in an amount consistent with such termination, reversal, or modification. Plaintiff's Counsel receiving fees and expenses agree as a condition of receiving such fees and expenses that they are subject to the jurisdiction of the Court

for the purpose of enforcing this paragraph. Plaintiff's Counsel agrees that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders and may make appropriate findings of or sanctions for contempt, should Plaintiff's Counsel fail timely to repay fees and expenses pursuant to this ¶ 8.3.

8.4     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application or Award to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement and releases set forth herein.

8.5     The Released Persons shall have no responsibility for, or liability with respect to any Fee and Expense Application or the payment of any Fee and Expense Award to Plaintiff's Counsel out of the Settlement Fund.  The Released Persons shall have no responsibility for, or liability with respect to, the allocation of any Fee and Expense Award among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, and the Released Persons shall take no position with respect thereto.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

9.1     The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)     Plaintiff's Counsel and Defendants' counsel have executed this Stipulation and the Supplemental Agreement;

(b)     The Court has entered the Preliminary Approval Order as described in ¶ 3.1 hereof;

(c)     Meridian has paid or caused to be paid into the Escrow Account the Settlement Amount as set forth in ¶ 2.1;

(d)     Meridian has not notified Lead Counsel of its election to terminate the Settlement pursuant to ¶ 9.5 hereof or, if such election has been made, the resulting termination has been withdrawn pursuant to the terms of the Supplemental Agreement;

(e)     The Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties;

(f)     No Settling Party has given notice of its election to terminate the Settlement pursuant to ¶ 9.3, and the time for doing so has expired; and

(g)     The Judgment has become Final, as defined in ¶ 1.11 hereof.

9.2     Upon the occurrence of all of the events referenced in ¶ 9.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If any of the conditions specified in ¶ 9.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 9.7 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

9.3     Defendants and Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so (a "Termination Notice") to all other Parties hereto within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any

material part of it; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the court of appeals or the Supreme Court. However, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Plaintiff's Counsel shall constitute grounds for cancellation or termination of the Stipulation.

9.4     If the Settlement Fund payable pursuant to ¶ 2.1 of this Settlement Stipulation is not paid, then Plaintiff, in her sole discretion, may either: (i) terminate the Settlement by providing written notice to all Parties; or (ii) enforce the terms of the Stipulation and seek a judgment effecting the terms of the Settlement set forth herein. Failure of Meridian to cause the Settlement Fund to be paid shall not serve as a basis for any Defendant to terminate the Settlement.

9.5     If, prior to the Final Approval Hearing, the aggregate number of shares of Meridian Common Stock purchased by Persons who would otherwise be Settlement Class Members, but who, in accordance with the provisions in the Notice, timely and validly request exclusion from the Settlement Class, exceeds the threshold specified in a separate supplemental agreement between Plaintiff and Defendants (the "Supplemental Agreement"), Meridian shall have the option (which option shall be exercised on behalf of all Defendants in its sole discretion) to terminate this Stipulation and the Settlement in accordance with the procedures set forth in the Supplemental Agreement, without providing any further reason for its decision to exercise its option to terminate. For purposes of the Supplemental Agreement, any request for exclusion that results in the exclusion of the Settlement Class Member from the Settlement Class, by order of the Court or otherwise, shall be treated as timely and valid. The Supplemental Agreement is confidential and will not be filed with the Court unless requested by the Court or a dispute arises among the Settling

Parties concerning its interpretation or application and, in that event, the Settling Parties shall request that the Supplemental Agreement be filed and maintained under seal. In the event of a termination of the Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

9.6 Unless otherwise ordered by the Court, in the event the Stipulation is terminated or canceled, or the Effective Date fails to occur for any reason, then within seven (7) days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any Notice and Administration Costs reasonably and actually incurred pursuant to ¶ 2.8 and Taxes and Tax Expenses that have been paid pursuant to ¶ 2.9 hereof, shall be refunded to the entity or entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as indicated in writing to Lead Counsel and the Escrow Agent by Meridian's counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, in a similar *pro rata* manner, pursuant to written instructions from Defendants' counsel.

9.7 In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status and positions in the Litigation as of the date and time immediately prior to the execution of this Stipulation. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.5, 2.7–2.10, 4.2, 8.3, 9.6–9.8, 10.2–10.4, 11.3, 11.13–11.14 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

9.8     Notwithstanding any provision herein to the contrary, if the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶¶ 2.8–2.9 hereof.  In addition, any Notice and Administrative Costs, Taxes and Tax Expenses already incurred and properly chargeable pursuant to ¶¶ 2.8–2.9 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.10 and 9.6 hereof.

## NO ADMISSION OF WRONGDOING

10.1     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the terms of the Settlement were negotiated in good faith and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

10.2     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in connection with this Settlement, and any act

performed or document signed in connection with the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of: (i) any wrongdoing or lack thereof; (ii) any fault, misstatement, omission, or liability on the part of any of the Defendants or the Released Persons; (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation; or (iv) any damages, or lack of damages, suffered by Plaintiff, the Settlement Class, or anyone else.

10.3     The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is not, nor may be deemed to be or used as, an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Defendant; and (ii) is not, and may not be deemed to be or used as, an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

10.4     The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) shall not be construed against any Released Parties, Plaintiff, or any other Settlement Class Member as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could or would have been recovered after trial; and (ii) shall not be construed as or admitted in evidence as an admission, concession, or presumption against Plaintiff or any other member of the Settlement Class that any of their claims are without merit or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount.

10.5     Lead Plaintiff and Plaintiff's Counsel, and Defendants and their counsel, shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution,

defense, or resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

## MISCELLANEOUS PROVISIONS

11.1    The Settling Parties: (i) acknowledge that it is their intent to consummate this Settlement; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation; and (iii) agree to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

11.2    Pending final determination of whether the Stipulation should be approved, Plaintiff's Counsel, Plaintiff, and all Settlement Class Members are barred and enjoined from commencing, maintaining or prosecuting any action asserting any Released Claims against any Released Persons in any forum.

11.3    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

11.4    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.5    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

11.6    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.7    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

11.8    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

11.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

11.10   The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

11.11   The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format.  Each and all executed counterparts shall be deemed one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

11.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

11.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.  Any such actions, motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

11.14   The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Ohio, and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

11.15   Pending approval by the Court of the Settlement, all proceedings in the Action shall be stayed except proceedings related to this Settlement.

11.16   The Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.17   If any Party is required to give notice to the other Parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission, or electronic mail.  Notice shall be provided to the counsel indicated on the signature block below.

11.18   Within twenty-one (21) days following the Parties' execution of the Stipulation, and without any charge to Plaintiff or the Settlement Class, Meridian shall provide such shareholder lists as may be within its possession, custody, or control, as appropriate for providing notice to the Class.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of September 5, 2019.

*[Remainder of page intentionally left blank.]*

STIPULATION OF SETTLEMENT
1:17-CV-00774-SJD

AGREED TO AND ACCEPTED:

Dated: September 5, 2019

LEVI AND KORSINSKY, LLP
Shannon L. Hopkins

_____
Shannon L. Hopkins

*Lead Counsel for Lead Plaintiff and the*
*Settlement Class*

Dated: September 5, 2019

CUMMINS LAW LLC
James R. Cummins

_____
James R. Cummins

*Local Counsel for Lead Plaintiff and the*
*Settlement Class*

Dated: September 5, 2019

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Gregory F. Laufer

_____
Gregory F. Laufer

*Counsel for Defendants Meridian Bioscience,*
*Inc., John A. Kraeutler, and Melissa A. Lueke*

Dated: September _____, 2019

KEATING MUETHING & KLEKAMP PLL
James E. Burke

_____
James E. Burke

*Local Counsel for Defendants Meridian*
*Bioscience, Inc., John A. Kraeutler, and Melissa*
*A. Lueke*

# EXHIBIT A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated, <br><br>        Plaintiff, <br><br> v. <br><br> MERIDIAN BIOSCIENCE, INC., JOHN A. KRAEUTLER, and MELISSA A. LUEKE <br><br>        Defendants. | Case No. 1:17-cv-00774-SJD <br><br> **CLASS ACTION** <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO SETTLEMENT CLASS** <br><br> Judge:    Hon. Susan J. Dlott |

Presented to the Court for preliminary approval is a proposed settlement of all claims asserted against all Defendants in the above-captioned action (the "Action"). The terms of the proposed Settlement are set out in an Stipulation of Settlement (the "Stipulation") executed by counsel for the Parties as of September 5, 2019. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court, having reviewing the Stipulation to determine, among other things, whether the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to Class Members, hereby ORDERS, ADJUDGES AND DECREES as follows:

1. **Jurisdiction.** The Court has jurisdiction over the subject matter of this Action, the proposed Settlement, and the Parties, and retains jurisdiction to consider all claims, applications, requests for exclusion, requests to appear or objections arising out of or in connection with the proposed Settlement.

2. **Preliminary Findings Concerning Proposed Settlement.** The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious arm's-length and non-collusive negotiations between the Parties; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Lead Plaintiff Barbara Forman ("Plaintiff") or any other Settlement Class Members; and (v) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below in ¶ 5. Accordingly, the Court hereby preliminarily approves the Stipulation and the proposed Settlement set forth therein, subject to further consideration at the Final Approval Hearing.

3.    **Settlement Class Defined.**  As defined in the Stipulation, "Settlement Class" and "Settlement Class Members" mean and include all Persons who purchased or otherwise acquired Meridian securities on the open market between March 24, 2016 and October 23, 2017, inclusive, including Plaintiff.   Excluded from the Settlement Class are Defendants; members of the Individual Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family; and the legal representatives, heirs, or successors-in-interest of the Settling Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in the Notice.

4.    **Preliminary Certification of Settlement Class.**  With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement only that (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the Action in this particular forum; and (iv) the likely difficulties in

managing the Action. Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the Settlement Class, solely for the purpose of effectuating this Settlement, subject to further consideration at the Final Approval Hearing.

5. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") will be held on _____, 201__ at __:__ __.m. [no sooner than 128 days after the entry of the Preliminary Approval Order] before the Honorable Susan J. Dlott in Courtroom ___ of the United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202, to consider, among other things: (a) whether the proposed Settlement of the Action on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) whether to certify a Settlement Class for purposes of the Settlement; (c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) whether a Final Judgment and order of dismissal with prejudice substantially in the form of Exhibit B to the Stipulation should be entered in this Action; (e) whether to award Plaintiff's Counsel attorneys' fees and expenses or an award to Plaintiff; (f) any Settlement Class Members' objections submitted in accordance with the Notice; and (g) such other matters as the Court may deem appropriate.

6. **Final Papers.** All opening briefs and supporting documents in support of final approval of the Settlement, approval of the Plan of Allocation, and an award of Plaintiff's Counsel's attorneys' fees and expenses shall be filed with the Court and served no later than thirty-five (35) calendar days before the Final Approval Hearing. Plaintiff shall also submit a proposed final order awarding fees and expenses at that time.

7. **Plaintiff and Lead Counsel.** Solely for purposes of the Stipulation and the Settlement, the Court appoints Plaintiff as class representative of the Settlement Class pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure, and Lead Counsel is appointed as class counsel.  Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of all Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. **Notice.**  The Court approves the form, substance, and requirements of the Postcard Notice, Notice, and Summary Notice (together, the "Notices") annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in ¶ 9 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to accurately describe the terms and effect of the Stipulation and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.  No Settlement Class Member will be relieved from the terms of the Settlement or the Judgment, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9. **Retention of Claims Administrator and Manner of Notice.**  Lead Counsel is hereby authorized to retain A.B. Data, Ltd. to supervise and administer the notice procedure and the processing of claims under the supervision of Lead Counsel as more fully set forth below:

(a)     Not later than twenty-eight (28) calendar days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached as Exhibit A-1 to the Stipulation of Settlement, to be sent to each Settlement Class Member who can be identified by reasonable effort.  Such Notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Member's last known address.

(b)     No later than the Notice Date, the Claims Administrator shall post information about the Settlement and relevant deadlines to the settlement website, www. meridiansecuritieslitigation.com, and have available for download copies of at least the following documents:  the Stipulation of Settlement, this Order, the Notice (Exhibit A-2), the Proof of Claim and Release Form (Exhibit A-4), and the Exclusion Form (Exhibit A-5).  Motion papers in support of preliminary approval and final approval of the Settlement will also be posted to the website when available.  The Claims Administrator shall mail a copy of the Notice, Proof of Claim and Release Form, and Exclusion Form to anyone who requests a copy thereof.

(c)     Not later than seven (7) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published online through a widely circulated newswire service.

(d)     Not later than thirty-five (35) days before the Final Approval Hearing, Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

10.     **Nominee Purchasers.**  Banks, brokerage firms, institutions, and other nominees who purchased Meridian securities for the beneficial interest of other Persons during the Settlement Class Period ("Nominee Purchasers") shall, within ten (10) calendar days of receipt of the Postcard Notice or the Notice, provide to the Claims Administrator the name, the last known

mailing address, and email address of each Person for whom they purchased Meridian securities for during the Settlement Class Period. Upon timely completion of this research and provision of information to the Claims Administrator, and after receiving appropriate supporting documentation of the same, Lead Counsel and/or the Claims Administrator are authorized to reimburse Nominee Purchasers out of the Settlement Fund for their reasonable out-of-pocket expenses (not to exceed $0.15 per Settlement Class Member identified) incurred, subject to further order of this Court with respect to any dispute concerning such compensation. The Claims Administrator is not permitted to provide Nominee Purchasers with bulk copies of the Postcard Notice or Notice for dissemination to Settlement Class Members, and Nominee Purchasers are not eligible for reimbursement of their print, postage and other expenses incurred due to their own dissemination of the Postcard Notice or Notice to potential Settlement Class Members.

11.     **CAFA Notice.**  The Class Action Fairness Act of 1995, 28 U.S.C. § 1715 ("CAFA"), requires each defendant participating in a class action settlement to notify appropriate Federal and State officials of the proposed settlement within ten (10) calendar days after it is filed in court.  Not later than thirty-five (35) days before the Final Approval Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

12.     **Participation in the Net Settlement Fund.**  Each Settlement Class Member who wishes to participate in recovery from the Net Settlement Fund must submit a valid and timely Proof of Claim and Release form to the Claims Administrator at the address indicated in the form and the Notice.

          (a)     To be valid and timely, a Proof of Claim and Release must be: (i) postmarked or actually received by the Claims Administrator no later than ninety (90) calendar

days from the Notice Date, which deadline may be further extended by Order of the Court; (ii) accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as may be deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the Person executing the Proof of Claim and Release is acting in a representative capacity, accompanied by a certification of his, her, or its current authority to act on behalf of the Settlement Class Member; (iv) complete, with no material deletions or modifications of any of the printed matter contained therein; and (v) signed under penalty of perjury.

(b)     Once the Claims Administrator receives a timely Proof of Claim and Release, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure any deficiency if it appears that such deficiency may be cured.  Every person who files a claim has the right to be heard by the Court with respect to the rejection of that claim.

(c)     By submitting a Proof of Claim and Release, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted.

(d)     No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic.  No dispute regarding a Proof of Claim and Release shall affect or delay the entry or finality of the Judgment or any alternative judgment approving the Settlement.

(e)     Any Settlement Class Member who does not submit a timely and valid Proof of Claim and Release shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Settlement and the Judgment, including the releases provided for therein.

(f)     Notwithstanding any provision in this paragraph to the contrary, Lead Counsel may, in their discretion, accept late-submitted Proof of Claim and Release forms for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

13.     **Exclusions from the Settlement Class.**  Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class.  Requests for exclusion must be signed by the Person seeking exclusion and must state: (i) the name, mailing address, daytime telephone number, and e-mail address (if any) of the Person seeking exclusion; (ii) each of the Person's purchases and sales of Meridian securities during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold (with supporting documentation); and (iii) that the Person specifically requests to be excluded from the Settlement Class in Forman v. Meridian Bioscience, et al., Case No. 1:17-cv-00774-SJD (S.D. Ohio).  For the benefit of all members of the Class, the blank Exclusion Form is available at the Claims Administrator's website and may be used to set forth the information necessary to request exclusion from the settlement.  A request for exclusion shall not be effective unless it legibly provides the required information, includes all specified supporting documentation, and is timely submitted to the Claims Administrator at the address provided in the Notice, or is otherwise accepted by the Court.  To be timely, a request for exclusion must be sent

to the Claims Administrator by first class mail and postmarked, or actually received if sent by some other means, no later than twenty-one (21) days before the Final Approval Hearing or such other date as may be set by the Court.  Lead Counsel may contact any Person submitting a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.  All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not participate in the Settlement or share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action or the releases provided for therein.

14.     **All Non-Excluded Settlement Class Members Bound.**  Unless otherwise ordered by the Court, upon the Effective Date, all Settlement Class Members who have not timely and validly requested exclusion from the Settlement Class in accordance with ¶ 13 above shall be subject to and bound by the provisions of the Stipulation and the Judgment, the releases contained therein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Net Settlement Fund.

15.     **Objections to Settlement.**  Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the Plan of Allocation, to any term of the Stipulation, or to the award to Plaintiff's Counsel of attorneys' fees and expenses, must submit a written objection stating:  (a) the objector's name, mailing address, daytime telephone number, and e-mail address (if any); (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or an award of attorneys' fees and/or expenses and/or awards to Plaintiff in <u>Forman v. Meridian Bioscience, et al.</u>, Case No. 1:17-cv-00774-SJD (S.D. Ohio); and (c) the

reason(s), if any, for each such objection made. The objection should be accompanied by any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. In addition, the objection must be signed by the objector and accompanied by documentation showing each of the objector's purchases and sales of Meridian securities during the Settlement Class Period, including, for each purchase or sale, the date, number of securities and price of the securities purchased or sold. The objector (or an attorney hired at his, her, or its expense) must file the objection and any supporting documentation with the Court no later than twenty-one (21) calendar days before the Final Approval Hearing. The address for filing objections with the Court is:

Clerk of the Court
United States District Court Southern District of Ohio
Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

Objectors are not required to serve objections on the Parties or the Claims Administrator. Objections served on the Court will be promptly filed by the Clerk of the Court and served on the Parties through the Court's ECF system. Any Settlement Class Member or other Person who does not timely file and serve a written objection in accordance with this paragraph shall be deemed to have waived, and shall forever be foreclosed from making or raising, any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiff's Counsel for their representation of the Settlement Class, and any untimely objection will be barred.

16. **Appearance at Final Approval Hearing.** Any objector who files and serves a timely, written objection in accordance with the instructions in ¶ 15 above and in this ¶ 16 may appear at the Final Approval Hearing either in person or through counsel retained at the objector's

expense. Objectors need not attend the Final Approval Hearing, however, in order to have their objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Approval Hearing must indicate in their written objection (or in a separate writing filed and served in the same manner no later than twenty-one (21) calendar days before the Final Approval Hearing) that they intend to appear at the Final Approval Hearing and must identify any witnesses they may call to testify and any exhibits they intend to introduce into evidence. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, unless otherwise ordered by the Court.

17. **Service of Papers.** Defendants' counsel and Lead Counsel shall promptly furnish all Parties with copies of any and all objections, notices of intention to appear and requests for exclusion that come into their possession. Pursuant to ¶ 15 of this Order, objections are to be sent by objectors to the Court (not the Parties), and the Clerk of the Court will file those objections on the docket. In the event Defendants' counsel or Lead Counsel receive an objection or notice to appear that on its face does not indicate it was also sent to or filed with the Court, they will file that objection or notice to appear with the Court. Any replies, including any opposition or response by the Parties to objections, notices of intention to appear and requests for exclusion, shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.

18. **Fees and Expenses.** All reasonable Notice and Administration Costs incurred in identifying and notifying Settlement Class Members and administering the Settlement shall be paid as set forth in the Stipulation. Following entry of this Order, Lead Counsel may expend from the Settlement Fund up to One Hundred Thousand Dollars ($100,000.00) to pay Notice and Administration Costs actually incurred without further order of the Court, provided that all such

expenses must be disclosed in Plaintiff's motion for a Distribution Order.  Further, all Taxes and Tax Expenses shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or the Effective Date otherwise fails to occur for any reason, neither Plaintiff nor Lead Counsel shall have any obligation to repay the reasonable and necessary Notice and Administration Costs, Taxes and Tax Expenses actually paid, incurred or due and owing as of the date the Settlement is terminated (as such date is determined pursuant to the terms of the Stipulation).  At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and Plaintiff's Counsel's Fee and Expense Application should be approved.  Neither Defendants nor any other Released Person shall have any responsibility for any Plan of Allocation or Plaintiff's Counsel's Fee and Expense Application or any Fee and Expense Award that may be entered by the Court, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any orders or proceedings relating to the Plan of Allocation or the award of attorneys' fees and/or expenses shall not operate to terminate or cancel the Stipulation or the Settlement or otherwise affect or delay approval of the Settlement or the finality of the Judgment.

19.     **Jurisdiction Over Settlement Fund.** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they are distributed pursuant to the Stipulation or further order(s) of the Court.  Under no circumstances shall Lead Counsel disburse any portion of the Settlement Fund before the Effective Date without an order of the Court, except as permitted by ¶ 18 of this Order.

20.     **Bar on Litigating Settled Claims.** Pending final determination of whether the Settlement should be approved, Plaintiff and all other Settlement Class Members, and anyone who

acts or purports to act on their behalf, are hereby prohibited, barred and enjoined from instituting, prosecuting, participating in, or assisting in the institution, prosecution, or assertion of any Released Claim(s), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, against any of the Released Persons.

21. **Termination of Settlement.** If the Stipulation and the Settlement set forth therein is not approved or is terminated or the Effective Date does not occur for any other reason, the Stipulation and Settlement and all proceedings in connection therewith, including, without limitation, this Order (and its preliminary certification of the Settlement Class), shall be rendered null and void and shall be treated as vacated *nunc pro tunc*, except that any obligations or provisions relating to payment of Notice and Administration Costs and any other obligation or provision that is expressly designated in the Stipulation to survive termination of the Settlement shall survive such termination.

22. **Use of Order.** Neither this Order nor the Stipulation, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall constitute or be construed or used: (a) as an admission, concession, or presumption by or against Defendants or any of the Released Persons of any fault, wrongdoing, breach, or liability of any kind; or (b) as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have; (c) in any manner prohibited by ¶¶ 10.1–10.4 of the Stipulation.

23.    **Stay.**  All proceedings in this Action shall be stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24.    **Continuance or Adjournment of Hearing.**  The Court reserves the right to continue or adjourn the Final Approval Hearing from time to time without further notice to the Settlement Class.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

SO ORDERED this _____ day of _____, 2019.

_____
The Honorable Susan J. Dlott
United States District Court Judge

# EXHIBIT A-1

**Exhibit A-1**
**Postcard Notice**

**Court-Ordered Legal Notice**

Important Notice about a Securities Class Action Settlement

You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.

**MERIDIAN BIOSCIENCE, INC.: SEC. LITIG.**
c/o A.B. DATA, LTD.
**CLASS ACTION ADMINISTRATION**
P.O. Box 173081
Milwaukee, WI 53217

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
MILWAUKEE, WI
PERMIT NO. 3780

NOTICE NUMBER «NoticeID»
NoticeID

Postal Service: Please Do Not Mark or Cover Barcode

[NAME1]
[ADDR1]
[CITY] [ST] [ZIP]
[COUNTRY]

*Barbara Forman, Individually and on Behalf of all others Similarly Situated, v. Meridian Bioscience, Inc., Case No. 1:17-cv-00774-SJD*

se: 1:17-cv-00774-SJD Doc #: 54-1 Filed: 09/05/19 Page: 57 of 108 PAGEID #: 6

**THIS CARD PROVIDES LIMITED INFORMATION. VISIT WWW.MERIDIANSECURITIESLITIGATION.COM FOR MORE INFORMATION.**

There has been a proposed Settlement of claims against Meridian Bioscience, Inc. ("Meridian") and certain Meridian executives (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiff alleges that Defendants made material misrepresentations to the investing public between March 24, 2016 and October 23, 2017, inclusive (the "Class Period"). Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Meridian securities during the Class Period.

Meridian has agreed to pay or caused to be paid a Settlement Amount of $2,100,000.00. The Settlement provides that the Settlement Fund, after deduction of any Court-approved fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who have a Recognized Loss and submit a valid Claim Form, in exchange for the Settlement of this case and the Releases by Settlement Class Members of claims related to the case. For details of the Settlement, read the Stipulation of Settlement and full Notice, available at www.meridiansecuritieslitigation.com.

Your share of the fund will depend on the number of valid Claims that Settlement Class Members submit, and the number, size and timing of your transactions in Meridian securities. If every eligible Settlement Class Member submits a valid Claim Form, the average claim, before expenses and other Court-ordered deductions, will be $.114 per share of Meridian common stock. If less than 100% of the Settlement Class Members submit a Claim Form, you could get more money. This is further explained in the detailed Notice, available at www.meridiansecuritieslitigation.com.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found at www.meridiansecuritieslitigation.com or can be obtained upon request to the Claims Administrator (800-331-8642). **Claim Forms are due and must be postmarked by** _____. If you do not want to be legally bound by the Settlement, you must exclude yourself by submitting an Exclusion Form or a written request for exclusion so that it is **received** by _____. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by submitting a written objection so that it is **received by _____, 201_**. **The detailed Notice, available at** www.meridiansecuritieslitigation.com **explains important information about how to submit a Claim Form, exclude yourself, or object to the Settlement.**

The Court will hold a hearing on _____ to consider whether to approve the Settlement, and whether to approve a request by the lawyers representing all Settlement Class Members of up to 30% of the Settlement Fund for attorneys' fees, plus actual expenses up to $70,000 for litigating the case and negotiating the Settlement, and reimbursement of the Lead Plaintiff's costs and expenses related to her representation of the Settlement Class in an amount not to exceed $10,000. You may attend the hearing and ask to be heard by the Court, but you do not have to do so. For more information on how to attend the hearing, call 800-331-8642 or visit www.meridiansecuritieslitigation.com and read the detailed Notice.

**Nominee purchasers.** By Court order, you must, within ten calendar days of receipt of this notice, provide to the Claims Administrator the name, last known mailing address, and email address of each Person for whom you purchased Meridian securities during the Settlement Class Period, the administrative cost of which you may be reimbursed. The Claims Administrator is not permitted to provide bulk copies of this postcard notice or the Notice and nominee purchasers are not eligible for reimbursement of their print, postage and other expenses incurred due to their own dissemination thereof.

# EXHIBIT A-2

**EXHIBIT A-2**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT[1]

**If you purchased Meridian Bioscience, Inc. ("Meridian") securities between March 24, 2016 and October 23, 2017, inclusive, on a United States stock exchange, and are not otherwise excluded from the Settlement Class (see Question 6 below) you could receive a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The proposed Settlement, if approved by the Court, will provide $2,100,000 to pay claims from investors who bought Meridian securities between March 24, 2016 and October 23, 2017, inclusive (the "Class Period").

- The Settlement resolves a U.S. lawsuit over whether Meridian made material misrepresentations during the Class Period. Plaintiff and Defendants disagree on whether the investors could have won at trial, and if so, how much money they could receive.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them.

- Lead Plaintiff estimate that 18.4 million shares of Meridian common stock are eligible under the Plan of Allocation (described below). If claims are submitted for all of these shares, the estimated distribution per share will be approximately $0.114 *before* deduction of Court-approved administrative costs, awards to Plaintiff, and any attorneys' fees and expenses awarded to Plaintiff's Counsel for their representation of the Settlement Class.

- Lead Counsel has litigated this matter on a contingent basis and advanced all expenses incurred on behalf of the Settlement Class. They will ask the Court for up to $630,000 in attorneys' fees (30% of the Settlement Fund) and reimbursement for expenses of up to $70,000 for their work litigating the case and negotiating the Settlement, and an award to Plaintiff of $10,000. If approved, these amounts will be deducted from the $2,100,000 settlement (totaling $0.039 per share assuming claims are submitted based on 18.4 million shares).

- After deducting for any attorneys' fees and expenses and administration costs, the estimated average recovery from the Settlement is $0.076 per share (assuming claims are submitted on behalf of 18.4 million shares).

- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____, 2019** | The only way to get a payment if you have a Recognized Loss. |
| **EXCLUDE YOURSELF NO LATER THAN _____, 2019** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Released Persons about the Released Claims. |

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of September 5, 2019 (the "Stipulation"), All capitalized terms used, but not defined herein, shall have the same meaning as in the Stipulation.  The Stipulation can be obtained at www.meridiansecuritieslitigation.com.

EXHIBIT A-2

| **OBJECT NO LATER THAN [21 days before the Final Approval Hearing], 2019** | Write to the Court about why you do not like the Settlement. You may, but are not required to, appear at the Final Approval Hearing. |
|---|---|
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

For more information, you may contact the Claims Administrator or Lead Counsel:

Lead Counsel: Shannon L. Hopkins, Esq., LEVI & KORSINSKY, LLP
1111 Summer Street, Suite 403, Stamford, Connecticut 06905
Tel: (203) 992-4523; fax: (212) 363-7171

Claims Administrator: *Meridian Bioscience Sec. Litigation*, c/o A.B. DATA, LTD.
P.O. Box 173081, Milwaukee, WI 53217
Tel: 800-331-8642
Email: info@meridiansecuritieslitigation.com

## WHAT THIS NOTICE CONTAINS

**TABLE OF CONTENTS**             **PAGE**

**Basic Information**
1. Why did I get this notice package? ........................................................................................
2. What is this lawsuit about? ...................................................................................................
3. Why is this a class action? ....................................................................................................
4. Why is there a settlement? ....................................................................................................

**Who Is Part of the Settlement?**
5. How do I know if I am part of the Settlement?........................................................................
6. Are there exceptions to being included?................................................................................
7. What if I am still not sure if I am included? ..........................................................................

**What Are the Settlement Benefits?**
8. What does the Settlement provide?........................................................................................
9. How will the Settlement be allocated among class members? ...............................................
10. How much will my payment be? ..........................................................................................

**How Can You Receive a Payment?**
11. How can I get a payment?....................................................................................................
12. When would I get my payment? ..........................................................................................
13. What am I giving up to get a payment or stay in the Settlement Class?.................................

**Excluding Yourself from the Settlement**
14. How do I exclude myself from the proposed Settlement?......................................................
15. If I do not exclude myself, can I sue Meridian, Defendants or the other Released Persons later for the Released Claims? ...............................................................................................................
16. If I exclude myself, can I get money from the proposed Settlement? ....................................

**The Lawyers Representing You**
17. Do I have a lawyer in this case?...........................................................................................
18. How will the lawyers be paid?.............................................................................................

**Objecting to the Settlement**
19. How do I tell the Court that I do not like the proposed Settlement? ...................................
20. What is the difference between objecting and excluding?....................................................

**The Court's Settlement Hearing**
21. When and where will the Court decide whether to approve the proposed Settlement? .......
22. Do I have to come to the hearing? .......................................................................................
23. May I speak at the hearing? .................................................................................................

**If You Do Nothing**
24. What happens if I do nothing at all? ....................................................................................

**Getting More Information**
25. Are there more details about the proposed Settlement?.......................................................

## BASIC INFORMATION

> ### 1. Why did I get this notice package?

You or someone in your family may have purchased or otherwise acquired Meridian common stock on a United States stock exchange during the Class Period. The Court directed that this Notice be sent to potential Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and any appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of Ohio, and the case is *Forman v. Meridian Bioscience, Inc., et al.*, Case No. 1:17-cv-00774-SJD (the "Action").

> ### 2. What is this lawsuit about?

The Amended Complaint (the "Complaint") filed on April 16, 2018, alleges that Defendants Meridian, John A. Kraeutler, and Melissa A. Lueke ("Defendants") violated Sections 10(b) and 20(a) of the Exchange Act of 1934. Plaintiff contends that these Defendants engaged in a scheme to conceal the fact that every lead testing product Meridian offered underestimated blood lead levels, thereby endangering at-risk individuals who relied on the results of these tests. The Complaint alleges that, when the scheme became public through various partial announcements, Meridian's share price fell and shareholders were damaged. The Action seeks money damages against Defendants. Defendants deny all of Plaintiff's allegations, deny that they made any false or misleading statements or otherwise did anything wrong, and deny that anything they did caused damages to Plaintiff or the Settlement Class.

> ### 3. Why is this a class action?

In a class action, one or more people called "Class Representative" (in this case, Barbara Forman), sue on behalf of people who have similar claims. All persons with similar claims are called a "Class" or "Class Members." Bringing a case, such as this one, as a class action allows the collective adjudication of many similar

claims that might be economically too small to bring in individual actions. One judge resolves the issues for all class members, except for those who exclude themselves from the class. United States District Judge Susan J. Dlott of the Southern District of Ohio is overseeing the Action.

| 4. Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiff or Defendants. Instead, the lawyers for both sides, with the assistance of a neutral third-party mediator, have negotiated a Settlement that they believe is in the best interests of their respective clients. The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation, trial, and appeals, and permits Settlement Class Members to be compensated more quickly.

In a decision dated February 13, 2019, the Court granted Defendants' motion to dismiss Plaintiff's Amended Complaint, dismissing the Action at that point. Following a motion by Plaintiff for reconsideration of the dismissal order, the Court found Plaintiff's claims actionable as to a single misstatement contained in Meridian's November 29, 2016 Annual Report filed on Form 10-K with the Securities and Exchange Commission.

If they continue to pursue litigation, Plaintiff faces the risk of failing to show, among other things, "loss causation" and "damages" – a requirement under the federal securities laws to prove that the alleged harm became publicly known to investors and caused a decline in stock price. To do so, Plaintiff would need proof that new information corrected old information and caused a drop in the value of Meridian's stock. The Amended Complaint alleges that loss causation exists primarily as to three events. First, the stock price dropped $3.65 in January 2017 when the Company announced it was both reducing its regular cash dividend and revising its fiscal 2017 guidance downward. Second, the stock price dropped $1.30 in May 2017 when the FDA issued a public safety announcement, warning against the use of LeadCare products because of their issues with underestimating lead levels in vein-drawn blood. Third, the FDA issued a formal warning letter disclosing to the market the full extent of the Company's non-compliance with FDA regulations. This caused the stock price to drop $0.60. Consequently, Plaintiff believes she entitled to damages associated with each of those drops. However, there is a significant risk that the Court, which significantly narrowed the scope of the case in its motion to dismiss order—will find that the alleged misconduct did not cause the drops. Accordingly, and as explained above, Class Representative and her attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
|---|

The Court directed that, for the purposes of the proposed Settlement, everyone who fits this description is a Settlement Class Member: all persons or entities who purchased or otherwise acquired securities of Meridian Bioscience, Inc. ("Meridian" or the "Company") between March 24, 2016 and October 23, 2017 and who were damaged thereby.

| 6. Are there exceptions to being included? |
|---|

Yes. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family (as defined by SEC regulations); and the legal representatives, heirs, or successors-in-interest of the Settling Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in this Notice.

EXHIBIT A-2

If one of the mutual funds in which you are invested purchased or otherwise acquired Meridian common stock during the Class Period, that does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Meridian common stock during the Class Period. Contact your broker to see if you fall within the definition of a Settlement Class Member.

If you **sold** but did not purchase Meridian common stock during the Class Period, you are not a Settlement Class Member. You are a Settlement Class Member only if you **purchased or otherwise acquired** Meridian securities during the Class Period.

> 7. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by writing to the address provided on p. 2 above for more information.

## WHAT ARE THE SETTLEMENT BENEFITS?

> 8. What does the Settlement provide?

Meridian has agreed to pay or cause to be paid $2.1 million in cash (the "Settlement Fund") on behalf of all Defendants. The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid and timely Proof of Claim and Release forms ("Authorized Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses; certain Notice and Administration Costs, including the costs of printing and mailing this Notice, the cost of publishing notice, and the costs of claims administration; and Taxes on the Settlement Fund.

In return, the Parties have agreed to dismiss the Action and Plaintiff and all Settlement Class Members who do not exclude themselves from the Settlement Class agree to release, relinquish and discharge all Released Claims against the Defendants and their respective Related Persons (collectively, the "Released Persons"), whether or not these Settlement Class Members execute and deliver Proof of Claim and Release forms.

## PLAN OF ALLOCATION

> 9. How will the Settlement be allocated among Settlement Class Members?

**Calculation of Recognized Loss for the Purchase of Meridian Bioscience, Inc. (Ticker: VIVO) Common Shares in the Open Market on or between March 24, 2016 and October 23, 2017**

Common shares of Meridian Bioscience, Inc. ("Meridian") purchased on or between March 24, 2016 and October 23, 2017 and held until the close of trading on January 24, 2017, May 16, 2017, and/or October 23, 2017 shall be entitled to damages ("1934 Act Class shares") for the purposes of the 1934 Exchange Act ("1934 Act Class"). The total number of 1934 Act Class shares is estimated to be 18.4 million, although many shares will be entitled to no damages or substantially reduced damages under the plan of allocation. The settlement amount is $2.1 million or approximately $0.114 per damaged shares.

**For each eligible share purchased on or after March 24, 2016 and before November 28, 2016,** the Recognized Loss for each such share shall be *the **lesser** of*:

(i)     the recognized loss based on the date of sale as set forth in Table 1;

EXHIBIT A-2

**Table 1: Recognized Losses for 1934 Act Class Shares Based on Date of Sale**

| Begin Sale Date | End Sale Date | Recognized Loss |
|-----------------|---------------|-----------------|
| 3/24/2016 | 01/24/2017 | $ 0.00 |
| 1/25/2017 | 05/16/2017 | $ 0.09 |
| 05/17/2017 | 10/20/2017 | $ 0.19 |
| 10/23/2017 | Current | $ 0.22 |

(ii)    the purchase price (excluding fees and commissions) minus the sale price (excluding fees and commissions) if sold prior to January 19, 2018; and,

(iii)    the purchase price (excluding fees and commissions) minus the 90-LookBack Average price as set forth in Table 3 if sold after October 20, 2017, and before January 19, 2018, or minus $14.67 per share if not sold prior to January 19, 2018.

**For each eligible share purchased on or after November 28, 2016, and on or before October 20, 2017**, the Recognized Loss for each such share shall be **the _lesser of_**:

(i)    the recognized loss based on the date of sale **minus** the recognized loss as of the date of purchase as set forth in Table 2;

**Table 2: Recognized Losses for 1934 Act Class Shares Based on Date of Sale and Date of Purchase**

| Begin Date | End Date | Recognized Loss |
|------------|----------|-----------------|
| 11/28/2016 | 01/24/2017 | $ 0.00 |
| 1/25/2017 | 05/16/2017 | $ 0.83 |
| 05/17/2017 | 10/20/2017 | $ 1.90 |
| 10/23/2017 | Current | $ 2.19 |

(ii)    the purchase price (excluding fees and commissions) minus the sale price (excluding fees and commissions) if sold prior to January 19, 2018; and,

(iii)    the purchase price (excluding fees and commissions) minus the LookBack Average price as set forth in Table 3 if sold after October 23, 2017, and before January 19, 2018, or minus $14.67 per share if not sold prior to January 19, 2018.

**For each eligible share purchased on October 23, 2017**, the Recognized Loss for each such share shall be **the _lesser_ of**:

(i)    the 50% of the difference between the purchase price and $15.20 (if the purchase price was greater than $15.20; zero otherwise);

(ii)    the purchase price (excluding fees and commissions) minus the sale price (excluding fees and commissions) if sold prior to January 19, 2018; and,

-6-

EXHIBIT A-2

(iii)   the purchase price (excluding fees and commissions) minus the LookBack Average price as set forth in Table 3 if sold before January 19, 2018, or minus $14.67 per share if not sold prior to January 19, 2018.

### Table 3: 90-LookBack Price Based on Date of Sale

| Sale Date | Closing Price | LookBack Average Price |
|---|---|---|
| 10/23/2017 | $15.20 | $15.20 |
| 10/24/2017 | $14.50 | $14.85 |
| 10/25/2017 | $14.90 | $14.87 |
| 10/26/2017 | $14.70 | $14.83 |
| 10/27/2017 | $15.30 | $14.92 |
| 10/30/2017 | $14.70 | $14.88 |
| 10/31/2017 | $14.95 | $14.89 |
| 11/1/2017 | $14.70 | $14.87 |
| 11/2/2017 | $14.40 | $14.82 |
| 11/3/2017 | $14.65 | $14.80 |
| 11/6/2017 | $14.95 | $14.81 |
| 11/7/2017 | $14.65 | $14.80 |
| 11/8/2017 | $14.65 | $14.79 |
| 11/9/2017 | $14.80 | $14.79 |
| 11/10/2017 | $14.55 | $14.77 |
| 11/13/2017 | $14.60 | $14.76 |
| 11/14/2017 | $14.90 | $14.77 |
| 11/15/2017 | $14.65 | $14.76 |
| 11/16/2017 | $14.95 | $14.77 |
| 11/17/2017 | $14.95 | $14.78 |
| 11/20/2017 | $14.85 | $14.79 |
| 11/21/2017 | $14.90 | $14.79 |
| 11/22/2017 | $14.85 | $14.79 |
| 11/24/2017 | $14.95 | $14.80 |
| 11/27/2017 | $14.60 | $14.79 |
| 11/28/2017 | $14.55 | $14.78 |
| 11/29/2017 | $14.75 | $14.78 |
| 11/30/2017 | $15.05 | $14.79 |
| 12/1/2017 | $14.85 | $14.79 |
| 12/4/2017 | $15.15 | $14.81 |
| 12/5/2017 | $14.80 | $14.80 |

| Sale Date | Closing Price | LookBack Average Price |
|---|---|---|
| 12/6/2017 | $14.60 | $14.80 |
| 12/7/2017 | $14.05 | $14.78 |
| 12/8/2017 | $14.10 | $14.76 |
| 12/11/2017 | $14.15 | $14.74 |
| 12/12/2017 | $14.10 | $14.72 |
| 12/13/2017 | $14.20 | $14.71 |
| 12/14/2017 | $13.55 | $14.68 |
| 12/15/2017 | $14.25 | $14.67 |
| 12/18/2017 | $14.10 | $14.65 |
| 12/19/2017 | $14.25 | $14.64 |
| 12/20/2017 | $14.60 | $14.64 |
| 12/21/2017 | $14.60 | $14.64 |
| 12/22/2017 | $14.25 | $14.63 |
| 12/26/2017 | $14.25 | $14.62 |
| 12/27/2017 | $14.20 | $14.61 |
| 12/28/2017 | $14.15 | $14.60 |
| 12/29/2017 | $14.00 | $14.59 |
| 1/2/2018 | $14.40 | $14.59 |
| 1/3/2018 | $14.65 | $14.59 |
| 1/4/2018 | $14.65 | $14.59 |
| 1/5/2018 | $15.10 | $14.60 |
| 1/8/2018 | $14.80 | $14.60 |
| 1/9/2018 | $14.70 | $14.60 |
| 1/10/2018 | $15.10 | $14.61 |
| 1/11/2018 | $15.45 | $14.63 |
| 1/12/2018 | $15.30 | $14.64 |
| 1/16/2018 | $15.30 | $14.65 |
| 1/17/2018 | $15.25 | $14.66 |
| 1/18/2018 | $14.95 | $14.67 |
| 1/19/2018 | $15.15 | $14.67 |

**EXHIBIT A-2**

## Calculation of Recognized Loss for the Purchase of Meridian Bioscience, Inc. (Ticker: VIVO) Call Options in the Open Market on or between March 24, 2016 and October 23, 2017

Call options of Meridian Bioscience, Inc. ("Meridian") purchased on or between March 24, 2016 and October 23, 2017 and held until the close of trading on January 24, 2017, the close of trading on May 16, 2017, or until the beginning of trading on October 24, 2017 shall be entitled to damages ("1934 Act Class shares") for the purposes of the 1934 Exchange Act ("1934 Act Class"). The total number of 1934 Act options traded is not known but is believed to be relatively small in comparison with the damaged shares. To the extent a call option purchased in the open market has an exercise price after a given damage date but not on one of the exercise dates provided, the damages will be the averaged amount between the two closest expiration dates in the table or the last expiration date listed if the expiration date is beyond January 18, 2019. An option position created before one corrective disclosure date and sold after a second or third disclosure date will be entitled to damages on each corrective date.

### Call Option Damages at January 25, 2017

For call options purchased prior to January 24, 2017, and held until at least January 25, 2017, the following damages in Table 4 will be allocated on a per share basis for each given exercise (strike) price and each given expiration date. For call options purchased on or after March 24, 2016 and before November 28, 2016, the amount of damages will be reduced to 10% of the per share amounts in Table 4.

**Table 4:**
**Per Share Damages for Call Options Purchased Prior to January 24, 2017 and held Until January 25, 2017**

| Exercise Prices | 2/17/2017 | 3/17/2017 | 4/21/2017 | 5/19/2017 | 6/16/2017 | 7/21/2017 | 10/20/2017 | 11/17/2017 | 12/15/2017 | 1/29/2018 | 2/16/2018 | 3/16/2018 | 4/20/2018 | 7/20/2018 | 10/19/2018 | 1/18/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ 2.50 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 |
| $ 5.00 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 |
| $ 7.50 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.82 | 0.82 |
| $ 10.00 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.82 | 0.81 | 0.81 | 0.81 | 0.80 | 0.80 | 0.80 | 0.78 | 0.77 | 0.76 |
| $ 12.50 | 0.83 | 0.83 | 0.82 | 0.80 | 0.79 | 0.77 | 0.73 | 0.72 | 0.71 | 0.70 | 0.70 | 0.69 | 0.69 | 0.67 | 0.66 | 0.65 |
| $ 15.00 | 0.70 | 0.64 | 0.60 | 0.56 | 0.55 | 0.55 | 0.53 | 0.52 | 0.52 | 0.52 | 0.51 | 0.51 | 0.51 | 0.51 | 0.50 | 0.50 |
| $ 17.50 | 0.05 | 0.13 | 0.19 | 0.21 | 0.24 | 0.27 | 0.30 | 0.30 | 0.31 | 0.32 | 0.31 | 0.32 | 0.33 | 0.34 | 0.35 | 0.36 |
| $ 20.00 | 0.00 | 0.00 | 0.02 | 0.04 | 0.06 | 0.09 | 0.14 | 0.14 | 0.15 | 0.17 | 0.17 | 0.18 | 0.19 | 0.21 | 0.23 | 0.24 |
| $ 22.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.02 | 0.05 | 0.06 | 0.07 | 0.08 | 0.08 | 0.09 | 0.10 | 0.12 | 0.14 | 0.16 |
| $ 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.02 | 0.02 | 0.03 | 0.04 | 0.04 | 0.04 | 0.05 | 0.07 | 0.09 | 0.10 |
| $ 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.02 | 0.03 | 0.04 |

### Call Option Damages at May 17, 2017

For call options purchased prior to May 17, 2017, and held until at least May 17, 2017, the following damages in Table 5 will be allocated on a per share basis for each given exercise (strike) price and each given expiration date. For call options purchased on or after March 24, 2016 and before November 28, 2016, the amount of damages will be reduced to 10% of the per share amounts in Table 5.

**EXHIBIT A-2**

**Table 5**
**Per Share Damages for Call Options Purchased Prior to May 17, 2017 and Held Until May 17, 2017**

| | Expiration Dates | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Exercise Prices | 5/19/2017 | 6/16/2017 | 7/21/2017 | 10/20/2017 | 11/17/2017 | 12/15/2017 | 1/29/2018 | 2/16/2018 | 3/16/2018 | 4/20/2018 | 7/20/2018 | 10/19/2018 | 1/18/2019 |
| $ 2.50 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 |
| $ 5.00 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.06 |
| $ 7.50 | 1.07 | 1.07 | 1.07 | 1.07 | 1.06 | 1.06 | 1.06 | 1.05 | 1.05 | 1.05 | 1.03 | 1.02 | 1.01 |
| $ 10.00 | 1.07 | 1.06 | 1.04 | 1.00 | 0.98 | 0.97 | 0.96 | 0.95 | 0.95 | 0.94 | 0.92 | 0.90 | 0.89 |
| $ 12.50 | 0.90 | 0.88 | 0.84 | 0.79 | 0.77 | 0.76 | 0.76 | 0.75 | 0.75 | 0.75 | 0.74 | 0.73 | 0.72 |
| $ 15.00 | 0.41 | 0.43 | 0.47 | 0.50 | 0.50 | 0.51 | 0.52 | 0.51 | 0.52 | 0.53 | 0.54 | 0.55 | 0.55 |
| $ 17.50 | 0.09 | 0.12 | 0.19 | 0.27 | 0.28 | 0.30 | 0.32 | 0.32 | 0.33 | 0.34 | 0.37 | 0.39 | 0.41 |
| $ 20.00 | 0.01 | 0.02 | 0.06 | 0.12 | 0.14 | 0.16 | 0.18 | 0.18 | 0.19 | 0.21 | 0.24 | 0.27 | 0.29 |
| $ 22.50 | 0.00 | 0.00 | 0.01 | 0.05 | 0.06 | 0.08 | 0.10 | 0.10 | 0.11 | 0.12 | 0.15 | 0.18 | 0.20 |
| $ 25.00 | 0.00 | 0.00 | 0.00 | 0.02 | 0.03 | 0.04 | 0.05 | 0.05 | 0.06 | 0.07 | 0.10 | 0.12 | 0.14 |
| $ 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.01 | 0.01 | 0.02 | 0.02 | 0.04 | 0.05 | 0.07 |

**Call Option Damages at October 23, 2017**

For call options purchased prior to October 23, 2017, and held until at least October 23, 2017, the following damages in Table 6 will be allocated on a per share basis for each given exercise (strike) price and each given expiration date. For call options purchased on or after March 24, 2016 and before November 28, 2016, the amount of damages will be reduced to 10% of the per share amounts in Table 6.

**Table 6**
**Per Share Damages for Call Options Purchased Prior to October 23, 2017, and Held Until October 23, 2017**

| | Expiration Dates | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Exercise Prices | 11/17/2017 | 12/15/2017 | 1/29/2018 | 2/16/2018 | 3/16/2018 | 4/20/2018 | 7/20/2018 | 10/19/2018 | 1/18/2019 |
| $ 2.50 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 |
| $ 5.00 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 |
| $ 7.50 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.29 | 0.28 | 0.28 |
| $ 10.00 | 0.28 | 0.28 | 0.28 | 0.27 | 0.27 | 0.27 | 0.27 | 0.26 | 0.26 |
| $ 12.50 | 0.24 | 0.24 | 0.24 | 0.24 | 0.23 | 0.23 | 0.23 | 0.22 | 0.22 |
| $ 15.00 | 0.18 | 0.18 | 0.18 | 0.18 | 0.18 | 0.18 | 0.18 | 0.18 | 0.18 |
| $ 17.50 | 0.12 | 0.12 | 0.12 | 0.12 | 0.12 | 0.13 | 0.13 | 0.14 | 0.14 |
| $ 20.00 | 0.07 | 0.07 | 0.08 | 0.08 | 0.08 | 0.08 | 0.09 | 0.10 | 0.11 |
| $ 22.50 | 0.04 | 0.04 | 0.04 | 0.04 | 0.05 | 0.05 | 0.06 | 0.07 | 0.08 |
| $ 25.00 | 0.02 | 0.02 | 0.02 | 0.02 | 0.03 | 0.03 | 0.04 | 0.05 | 0.06 |
| $ 30.00 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.01 | 0.02 | 0.02 | 0.03 |

**Calculation of Recognized Loss for the Sale/Writing of Meridian Bioscience, Inc. (Ticker: VIVO) Put Options in the Open Market on or between March 24, 2016 and October 23, 2017**

Put options of Meridian Bioscience, Inc. ("Meridian") written (sold) on or between March 24, 2016 and October 23, 2017 and held until the close of trading on January 24, 2017, the close of trading on May 16, 2017, or until the beginning of trading on October 23, 2017 shall be entitled to damages ("1934 Act Class shares") for the purposes of the 1934 Exchange Act ("1934 Act Class"). The total number of 1934 Act options traded is not known but is believed to be relatively small in comparison with the damaged shares. To the extent a put option

-9-

EXHIBIT A-2

purchased in the open market has an exercise price after a given damage date but not on one of the exercise dates provided, the damages will be the averaged amount between the two closest expiration dates in the table or the last expiration date listed if the expiration date is beyond January 18, 2019.

**Put Option Damages at January 25, 2017**

For put options written (sold) prior to January 24, 2017, and held until at least January 25, 2017, the following damages in Table 7 will be allocated on a per share basis for each given exercise (strike) price and each given expiration date.  For put options written on or after March 24, 2016 and before November 28, 2016, the amount of damages will be reduced to 10% of the per share amounts in Table 7.

**Table 7**
**Per Share Damages for Put Options Written Prior to January 25, 2017 and Held Until January 25, 2017**

| Exercise Prices | 2/17/2017 | 3/17/2017 | 4/21/2017 | 5/19/2017 | 6/16/2017 | 7/21/2017 | 10/20/2017 | 11/17/2017 | 12/15/2017 | 1/29/2018 | 2/16/2018 | 3/16/2018 | 4/20/2018 | 7/20/2018 | 10/19/2018 | 1/18/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ 2.50 | - | - | - | - | - | - | - | - | - | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| $ 5.00 | - | - | - | - | - | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| $ 7.50 | - | - | - | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.01 |
| $ 10.00 | - | - | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.02 | 0.02 | 0.02 | 0.03 | 0.03 | 0.03 | 0.05 | 0.07 |
| $ 12.50 | 0.00 | 0.00 | 0.01 | 0.03 | 0.04 | 0.06 | 0.10 | 0.11 | 0.12 | 0.13 | 0.13 | 0.14 | 0.14 | 0.16 | 0.17 | 0.18 |
| $ 15.00 | 0.13 | 0.19 | 0.23 | 0.27 | 0.28 | 0.28 | 0.30 | 0.31 | 0.31 | 0.31 | 0.32 | 0.32 | 0.32 | 0.33 | 0.33 | 0.33 |
| $ 17.50 | 0.78 | 0.70 | 0.64 | 0.62 | 0.59 | 0.56 | 0.53 | 0.53 | 0.52 | 0.51 | 0.52 | 0.51 | 0.50 | 0.49 | 0.48 | 0.47 |
| $ 20.00 | 0.83 | 0.83 | 0.81 | 0.79 | 0.77 | 0.74 | 0.69 | 0.69 | 0.68 | 0.66 | 0.66 | 0.65 | 0.64 | 0.62 | 0.60 | 0.59 |
| $ 22.50 | 0.83 | 0.83 | 0.83 | 0.83 | 0.82 | 0.81 | 0.78 | 0.77 | 0.76 | 0.75 | 0.75 | 0.74 | 0.73 | 0.71 | 0.69 | 0.67 |
| $ 25.00 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.82 | 0.81 | 0.81 | 0.80 | 0.79 | 0.79 | 0.79 | 0.78 | 0.76 | 0.74 | 0.73 |
| $ 30.00 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.83 | 0.82 | 0.82 | 0.82 | 0.82 | 0.81 | 0.80 | 0.79 |

**Put Option Damages at May 17, 2017**

For put options purchased written prior to May 17, 2017, and held until at least May 17, 2017, the following damages in Table 8 will be allocated on a per share basis for each given exercise (strike) price and each given expiration date.  For put options written on or after March 24, 2016 and before November 28, 2016, the amount of damages will be reduced to 10% of the per share amounts in Table 8.

**Table 8**
**Per Share Damages for Put Options Written Before May 17, 2017 and Held Until May 17, 2017**

| Exercise Prices | 5/19/2017 | 6/16/2017 | 7/21/2017 | 10/20/2017 | 11/17/2017 | 12/15/2017 | 1/29/2018 | 2/16/2018 | 3/16/2018 | 4/20/2018 | 7/20/2018 | 10/19/2018 | 1/18/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ 2.50 | - | - | - | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| $ 5.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 |
| $ 7.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.01 | 0.01 | 0.02 | 0.02 | 0.02 | 0.04 | 0.05 | 0.06 |
| $ 10.00 | 0.00 | 0.01 | 0.03 | 0.07 | 0.09 | 0.10 | 0.11 | 0.12 | 0.12 | 0.13 | 0.15 | 0.17 | 0.18 |
| $ 12.50 | 0.17 | 0.19 | 0.23 | 0.28 | 0.30 | 0.31 | 0.31 | 0.32 | 0.32 | 0.32 | 0.33 | 0.34 | 0.35 |
| $ 15.00 | 0.66 | 0.64 | 0.60 | 0.57 | 0.57 | 0.56 | 0.55 | 0.56 | 0.55 | 0.54 | 0.53 | 0.52 | 0.52 |
| $ 17.50 | 0.98 | 0.95 | 0.88 | 0.80 | 0.79 | 0.77 | 0.75 | 0.75 | 0.74 | 0.73 | 0.70 | 0.68 | 0.66 |
| $ 20.00 | 1.06 | 1.05 | 1.01 | 0.95 | 0.93 | 0.91 | 0.89 | 0.89 | 0.88 | 0.86 | 0.83 | 0.80 | 0.78 |
| $ 22.50 | 1.07 | 1.07 | 1.06 | 1.02 | 1.01 | 0.99 | 0.97 | 0.97 | 0.96 | 0.95 | 0.92 | 0.89 | 0.87 |
| $ 25.00 | 1.07 | 1.07 | 1.07 | 1.05 | 1.04 | 1.03 | 1.02 | 1.02 | 1.01 | 1.00 | 0.97 | 0.95 | 0.93 |
| $ 30.00 | 1.07 | 1.07 | 1.07 | 1.07 | 1.07 | 1.06 | 1.06 | 1.06 | 1.05 | 1.05 | 1.03 | 1.02 | 1.00 |

EXHIBIT A-2

**Put Option Damages at October 23, 2017**

For put options purchased written prior to October 23, 2017, and held until at least October 23, 2017, the following damages in Table 9 will be allocated on a per share basis for each given exercise (strike) price and each given expiration date.  For put options written on or after March 24, 2016 and before November 28, 2016, the amount of damages will be reduced to 10% of the per share amounts in Table 9.

**Table 9**
**Per Share Damages for Put Options Written Prior to October 23, 2017 and Held Until October 23, 2017**

| Exercise Prices | Expiration Dates | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 11/17/2017 | 12/15/2017 | 1/29/2018 | 2/16/2018 | 3/16/2018 | 4/20/2018 | 7/20/2018 | 10/19/2018 | 1/18/2019 |
| $ 2.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| $ 5.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| $ 7.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.01 | 0.01 |
| $ 10.00 | 0.01 | 0.01 | 0.01 | 0.02 | 0.02 | 0.02 | 0.02 | 0.03 | 0.03 |
| $ 12.50 | 0.05 | 0.05 | 0.05 | 0.05 | 0.06 | 0.06 | 0.06 | 0.07 | 0.07 |
| $ 15.00 | 0.11 | 0.11 | 0.11 | 0.11 | 0.11 | 0.11 | 0.11 | 0.11 | 0.11 |
| $ 17.50 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.16 | 0.16 | 0.15 | 0.15 |
| $ 20.00 | 0.22 | 0.22 | 0.21 | 0.21 | 0.21 | 0.21 | 0.20 | 0.19 | 0.18 |
| $ 22.50 | 0.25 | 0.25 | 0.25 | 0.25 | 0.24 | 0.24 | 0.23 | 0.22 | 0.21 |
| $ 25.00 | 0.27 | 0.27 | 0.27 | 0.27 | 0.26 | 0.26 | 0.25 | 0.24 | 0.23 |
| $ 30.00 | 0.28 | 0.28 | 0.28 | 0.28 | 0.28 | 0.28 | 0.27 | 0.27 | 0.26 |

**<u>Allocations of Net Proceeds Received in Settlement Based on Recognized Claims</u>**

There shall be no Recognized Loss attributed to any Meridian security purchased on a foreign exchange or over-the-counter (*i.e.* non-market options).

For all purposes the transaction date and not the settlement date shall be used as the date for determining Eligible Loss per share, eligibility to file a claim, and the calculation of Recognized Losses.  All purchases and sales of Trust Units shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting and gains on short sales of Meridian shares (if any) on or between March 24, 2016, and October 20, 2017, will be used to offset losses.  All effective "recognized gains" from short positions, including written (sold) call options and purchased put options will be considered as offsetting any losses on a per share basis based on Table 1 through 9.

The receipt or grant by gift, inheritance or operation of law of Meridian securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Meridian securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Meridian securities unless (i) the donor or decedent purchased or otherwise acquired such Meridian securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Meridian securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts minus the sum of Recognized Gain Amounts.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized

Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 10 below) is $10.00 or greater. Consequently, no cash payment will be made on a claim where the potential distribution amount is less than $10.00.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed pro rata to all Authorized Claimants entitled to receive payment.

Settlement Class Members who do not submit a valid and timely Proof of Claim and Release form will not share in the Settlement proceeds, but will nevertheless be bound by the Settlement, the Judgment of the Court dismissing this Action, and the releases provided therein.

If you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

| 10. How much will my payment be? |
|---|

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of Authorized Claimants. Payments will be calculated on a *pro rata* basis, meaning that the Net Settlement Fund will be divided among the Authorized Claimants and distributed accordingly (the "Distribution Amount") after the deadline for submission of Proof of Claim and Release forms has passed.

To the extent that any amount of the Net Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Settlement Fund, if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after deduction of any additional fees and expenses that would be incurred with respect to such redistribution, would be cost-effective. At such time as it is determined that the redistribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance in the Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

| 11. How can I get a payment? |
|---|

To qualify for a payment, you must be an eligible Settlement Class Member and send in a valid and timely Proof of Claim and Release form. You may download a Proof of Claim and Release form from the settlement website, www.meridiansecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 201_ to the Claims Administrator (address provided on page 2). Any Settlement Class Member who fails to submit a Proof of Claim and Release form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by order of the Court the deadline is extended or such Settlement Class Member's Proof of Claim and Release form is accepted), but otherwise shall be bound by all of the terms of the Stipulation and the Judgment, including the releases therein, and will be permanently barred and enjoined from asserting any of the Released Claims against any of the Released Persons.

| 12. When would I get my payment? |
|---|

The Court will hold a hearing on _____, 201_, to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator will complete the administration process and determine how much each Authorized Claimant is entitled to receive. Lead Counsel will then seek permission from the Court to distribute the Net Settlement Fund on a *pro rata* basis to Authorized Claimants. This is necessarily a long process.

> **13. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you will remain a Settlement Class Member, and that means that, upon the "Effective Date," you will release all "Released Claims" against the "Released Persons."

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants on your own about the Released Claims, then you must take steps to exclude yourself—or as it is sometimes referred to, you must "opt out" of the Settlement Class.

> **14. How do I exclude myself from the proposed Settlement?**

To exclude yourself from the Settlement Class, you must send by mail either (i) a completed Exclusion Form (available at the Claims Administrator's website or by mail at the addresses listed on page 2) or (ii) a letter stating that you "request exclusion from the Settlement Class in *Forman v. Meridian Bioscience, Inc., et al.*, Case No. 1:17-cv-00774-SJD (S.D. Ohio)." Your Exclusion Form or letter must legibly state the date(s), price(s) and number(s) of shares of all your purchases, acquisitions and sales of Meridian securities during the Class Period, and append supporting documentation. You must also include your name, mailing address, daytime telephone number, email address and your signature. You must mail your exclusion request **no later than _____, 201_** to the Claims Administrator, at the address provided on page 2, above.

**You cannot exclude yourself by telephone, by fax or by e-mail**. If you ask to be excluded, you will not get any payment or other benefit in the Settlement, and you cannot object to the Settlement. You will not be legally bound by the Settlement or Judgment or the releases therein, and you may be able to sue Meridian and the other Released Persons about the Released Claims in the future.

> **15. If I do not exclude myself, can I sue Meridian, Defendants or the other Released Persons later for the Released Claims?**

No. Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Persons, or to enforce any existing judgments against any of the Released Persons, for any and all Released Claims. If you have a pending lawsuit against Defendants or the other Released Persons, speak to your lawyer in that case immediately to determine if you have to exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 201_.

> **16. If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

> **17. Do I have a lawyer in this case?**

The Court appointed the law firm Levi & Korsinsky, LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will **not** be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18. How will the lawyers be paid? |
| --- |

Lead Counsel will ask the Court to award attorneys' fees from the Settlement Fund in an amount not to exceed thirty percent (30%) of the Settlement Fund and for reimbursement of their expenses of approximately $70,000, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for their services in conducting this Action on behalf of Plaintiff and the Class nor for their substantial out-of-pocket expenses. The fees and expenses requested will compensate Lead Counsel for their work in obtaining the Settlement Fund for the Settlement Class. The Court may, however, award less than this amount. In that case, the difference will remain in the Settlement Fund. Lead Counsel will also seek payment of an award not to exceed $10,000 to the Class Representative as compensation for her time and effort in representing the Class.

## OBJECTING TO THE SETTLEMENT

| 19. How do I tell the Court that I do not like the proposed Settlement? |
| --- |

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, the application by Lead Counsel for an award of fees and reimbursement of expenses, or the application for an award to Plaintiff. You may write to the Court setting out your objections. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements and submit any documentation you believe is appropriate. The Court will only consider your views if you file a proper objection within the deadline identified and according to the following procedures.

To object, you must send a signed letter or other court submission stating that you object to the proposed Settlement in *Forman v. Meridian Bioscience, Inc. et al.*, Case No. 1:17-cv-00774-SJD (S.D. Ohio). You must include your name, mailing address, daytime telephone number, email address and signature. In addition, your objection must be accompanied by documentation showing the date(s), price(s) and number(s) of shares of all purchases and sales of Meridian securities you made during the Class Period. Further, your objection should state the reasons why you object to the Settlement and be accompanied by any legal support or evidence that you wish the Court to consider. Your objection must be filed with the Court at the following address so that **it is actually received, not merely postmarked, on or before _____, 201_**:

Clerk of the Court
United States District Court Southern District of Ohio
Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

| 20. What is the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

| 21. When and where will the Court decide whether to approve the proposed Settlement? |
| --- |

The Court will hold a Final Approval Hearing at _____ a.m./p.m. on _____, 201_, before the

Honorable Susan J. Dlott in Courtroom __ of the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, OH 45202. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. At the Final Approval Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Lead Counsel for attorneys' fees, and reimbursement of expenses, and the application for awards to Plaintiff. The Court will take into consideration any written objections and will listen to Settlement Class Members who have asked to speak at the hearing. The Court may change the date and time of the Final Approval Hearing without notice. Please check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 22. Do I have to come to the hearing? |
|---|

No. Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not mandatory. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

| 23. May I speak at the hearing? |
|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must indicate in your written objection (or in a separate writing filed and served in the same manner) that it is your "Intention to Appear in *Forman v. Meridian Bioscience, Inc., et al*., Case No. 1:17-cv-00774-SJD (S.D. Ohio)." Settlement Class Members who object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, or an award to Plaintiff and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class or if you fail to provide written notice of your intention to speak at the Final Approval Hearing by the deadline identified.

## IF YOU DO NOTHING

| 24. What happens if I do nothing at all? |
|---|

If you do nothing, you will get no money from this Settlement and, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants or the Released Persons about the claims being released in the Settlement. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release forms shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and any Judgment entered, including the releases set forth therein.

## GETTING MORE INFORMATION

| 25. Are there more details about the proposed Settlement? |
|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You may obtain a copy of the Stipulation by contacting the Claims Administrator by email or mail at the address and website provided on page 2, above, to obtain information and forms. The pleadings and other court filings in the Action are available for inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, OH 45202.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

## SPECIAL NOTICE TO NOMINEES

**EXHIBIT A-2**

If you hold Meridian securities pursuant to a transaction that took place within the United States within the Class Period, as nominee for a beneficial owner, then you must: within ten (10) calendar days of receipt of the Postcard Notice or this Notice, provide to the Claims Administrator the name, the last known mailing address, and email address of each Person for whom they purchased Meridian securities for during the Settlement Class Period.

Upon timely completion of this research and provision of information to the Claims Administrator, you may obtain reimbursement for or advancement of reasonable administrative costs (not to exceed $0.15 per Settlement Class Member identified) actually incurred.

The Claims Administrator is not permitted to provide Nominee Purchasers with bulk copies of the Postcard Notice or this Notice for dissemination to Settlement Class Members, and Nominee Purchasers are not eligible for reimbursement of their print, postage and other expenses incurred due to their own dissemination of the Postcard Notice or this Notice to potential Settlement Class Members.

Dated:                           BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF OHIO

# EXHIBIT A-3

**Exhibit A-3**
**Summary Notice**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:17-cv-00774-SJD |
| Plaintiff, | CLASS ACTION |
| v. | |
| MERIDIAN BIOSCIENCE, INC., JOHN A. KRAEUTLER, and MELISSA A. LUEKE | Judge: Hon. Susan J. Dlott |
| Defendants. | |

### SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**To:** **All persons who purchased or otherwise acquired Meridian Bioscience, Inc. ("Meridian") securities on the open market between March 24, 2016 and October 23, 2017, inclusive, and were damaged thereby (the "Settlement Class").**

A hearing will be held at _____ a.m./p.m. on _____, 201__, before the Honorable Susan J. Dlott at the United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202, to determine whether (1) the proposed Settlement of the action titled *Forman v. Meridian Bioscience, Inc. et al.*, Case No. 1:17-cv-00774-SJD (the "Action"), for the sum of $2,100,000 should be approved by the Court as fair, reasonable, and adequate; (2) the Court should approve the Plan of Allocation of Settlement proceeds as fair, reasonable, and adequate; (3) Lead Counsel should be awarded up to $630,000 in attorneys' fees (30% of the $2,100,000 settlement amount) and reimbursed for up to $70,000 of litigation expenses, and Plaintiff should be awarded her reasonable costs incurred in the representation of the Class, including lost wages, not to exceed $10,000; and (4) the Court should

**Exhibit A-3**
**Summary Notice**

enter the Judgment dismissing the Action with prejudice. The Court may change the hearing date without further notice to the Class.

If you purchased Meridian securities between March 24, 2016 and October 23, 2017, inclusive, your rights may be affected by this Settlement. You may obtain, free of charge, a detailed Notice of Proposed Class Action Settlement (the "Notice"), a copy of the Proof of Claim and Release form, and a copy of the Exclusion Form at the Claims Administrator's website, www.meridiansecuritieslitigation.com, or by contacting the Claims Administrator by toll free phone at 800-331-8642 or by mail at *Meridian Bioscience Sec. Litig.*, c/o A.B. Data, Ltd. P.O. Box 173081, Milwaukee, WI 53217.

If you are a Settlement Class Member and wish to share in the Settlement proceeds, you must complete and submit a Proof of Claim and Release form to the Claims Administrator, postmarked no later than _____, 201__, establishing that you are entitled to recovery. If you fail to submit a valid Proof of Claim and Release by this deadline in accordance with the instructions in the form, you will not recover from the Net Settlement Fund, but you will nevertheless be bound by the Settlement and releases provided for therein and by the Court's Judgment dismissing the Action with prejudice.

If you are a Settlement Class Member and wish to object to any aspect of the Settlement, the Plan of Allocation, or Plaintiff's Counsel's Fee and Expense Application, you must submit your written objection in the manner set forth in the Notice no later than _____, 201__. Only Settlement Class Members who have submitted valid and timely written objections and provided notice of their intent to appear in accordance with the instructions in the Notice will be entitled to be heard at the hearing on _____.

**Exhibit A-3**
**Summary Notice**

Notwithstanding any objection you may submit, you will be bound by the Settlement and releases provided for therein and by the Court's Judgment dismissing the Action unless you request to be excluded from the Settlement Class. To request exclusion, you must submit an Exclusion Form or written request in the manner set forth in the Notice no later than _____, 201_. If you submit a timely and valid request to be excluded from the Settlement Class, you will not be required to waive or release any claims against Defendants, you will not receive any payment or other benefit in the Settlement, and you will not be bound by the Settlement or any other order or Judgment that may be entered by the Court.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Class at Shannon L. Hopkins, Esq., Levi & Korsinsky, LLP, 1111 Summer Street, Ste. 403, Stamford, Connecticut 06905, Tel.: (203) 992-4523.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

DATED:                    BY ORDER OF THE COURT

# EXHIBIT A-4

**Exhibit A-4**
**Proof of Claim**

<table>
<tr><td>MUST BE<br>POSTMARKED NO<br>LATER THAN<br>[  ]</td><td>FOR INTERNAL USE<br>ONLY</td></tr>
</table>

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action entitled *Forman v. Meridian Bioscience, Inc. et al.*, Case No. 1:17-cv-00774-SDJ (S.D. Ohio*)* (the "Action"), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form").

Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

YOU MUST MAIL BY FIRST-CLASS MAIL YOUR COMPLETED AND SIGNED CLAIM FORM **POSTMARKED ON OR BEFORE [DATE]**, TO:

**Meridian Bioscience Sec. Litig**
**c/o A.B. Data, Ltd.**
**P.O. Box 173081**
**Milwaukee, WI  53217**

**Toll-Free Number: 800-331-8642**
**Email: info@meridiansecuritieslitigation.com**
**Settlement Website: www.meridiansecuritieslitigation.com**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

If you are a Settlement Class Member, you are bound by the terms of any judgment entered in the Action, REGARDLESS OF WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE No. |
|---|---|
| **PART I – CLAIMANT INFORMATION** | 2 |
| **PART II – GENERAL INSTRUCTIONS** | 3 |
| **PART III – SCHEDULE OF TRANSACTIONS IN MERIDIAN COMMON STOCK** | 5 |
| **PART IV – SCHEDULE OF TRANSACTIONS IN MERIDIAN CALL OPTIONS** | 6 |
| **PART V – SCHEDULE OF TRANSACTIONS IN MERIDIAN PUT OPTIONS** | 7 |
| **PART VI – RELEASE OF CLAIM AND SIGNATURE** | 9 |

**Exhibit A-4**
**Proof of Claim**

### PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment). If the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding This Claim Form (Must be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:  Zip Code/Postal Code (if outside U.S.):  Country:

Last 4 Digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:  Evening Telephone Number:

Email Address (An email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the Taxpayer Identification Number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

Exhibit A-4
Proof of Claim

## PART II – GENERAL INSTRUCTIONS

1.  It is important that you completely read and understand the Notice of Proposed Class Action Settlement (the "Notice"), including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is available online at www.meridiansecuritieslitigation.com or may be mailed to you upon request to the Claims Administrator. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.  This Claim Form is directed to all persons or entities that, during the period from March 24,2 016, through October 23, 2017, inclusive, (the "Settlement Class Period") purchased or acquired common stock of Meridian Bioscience, Inc. ("Meridian Common Stock") or exchange-traded call options on Meridian Common Stock ("Meridian Call Options"), or sold exchange-traded put options on Meridian Common Stock ("Meridian Put Options"), and were damaged thereby (the "Settlement Class"). Meridian Common Stock, Meridian Call Options, and Meridian Put Options are referred to collectively as "Meridian Securities." All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.  Excluded from the Settlement Class by definition are: Meridian Bioscience, Inc. ("Meridian"), John A. Kraeutler, Melissa A. Lueke (collectively, the "Defendants"), members of the Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family (as defined by SEC regulations); and the legal representatives, heirs, or successors-in-interest of the Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in this Notice.

4.  If you are not a Settlement Class Member, do not submit a Claim Form. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.**

5.  If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgments or orders entered in the Action, including the Releases provided therein, REGARDLESS WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6.  You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this Claim Form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.  **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.**

8.  Use the Schedules of Transactions in Parts III – V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Meridian Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Meridian Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.  **Please note:** Only Meridian Common Stock and Meridian Call Options purchased/acquired, and Meridian Put Options sold, during the Settlement Class Period (*i.e.*, from March 24, 2016 to October 23, 2017, inclusive) are eligible under the Settlement. However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Meridian Common Stock during the period from October 23, 2017, through and including Janaury 19, 2018, will be used for purposes of calculating your Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the information concerning your transactions in Meridian Common Stock during the 90-day look-back period must also be provided.  Additionally, for any Meridian Call Options in which you had a long position at the close of trading on October 23, 2017 and Meridian Put Options in which you had a short position at the close of trading on October 23, 2017, all of your transactions in those Meridian Call Options and Meridian Put Options will be used for the purposes of calculating your Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to balance your claim, you must also provide the requested information concerning your transactions in those Meridian Call Options and Meridian Put Options.

10.  You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Meridian Securities set forth in the Schedules of Transactions in Parts III – V of this Claim Form. Documentation may

**Exhibit A-4**
**Proof of Claim**

consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Meridian Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.   Meridian Call Options and Meridian Put Options are identified by strike price and expiration date.

12.   Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13.   All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Meridian Common Stock or Meridian Call Options, or sold Meridian Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Meridian Common Stock or Meridian Call Options, or sold Meridian Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

14.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   a)   expressly state the capacity in which they are acting;

   b)   identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Meridian Securities; and

   c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

15.   By submitting a signed Claim Form, you will be swearing that you:

   a)   own(ed) the Meridian Securities you have listed in the Claim Form; or

   b)   are expressly authorized to act on behalf of the owner thereof.

16.   By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

17.   If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

**18.   PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.   If you have questions concerning the Claim Form, or need copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at P.O. Box 173081, Milwaukee, WI, by email at info@meridiansecuritieslitigation.com, or by toll-free phone at 800-331-8642, or you may download the documents from the Settlement website, www.meridiansecuritieslitigation.com.

20.   NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.meridiansecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at info@ meridiansecuritieslitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective

**Exhibit A-4**
**Proof of Claim**

account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 30 days of your submission, you should contact the electronic filing department at info@ meridiansecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.**

## PART III – SCHEDULE OF TRANSACTIONS IN MERIDIAN COMMON STOCK

Complete this Part III if and only if you purchased/acquired Meridian Common Stock during the period from March 24, 2016 through and including October 23, 2017. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Meridian Common Stock.

| **1. BEGINNING HOLDINGS** – State the total number of shares of Meridian Common Stock held as of the opening of trading on March 24, 2016. (Must be documented.) If none, write "zero" or "0." | Confirm Proof of Position Enclosed |
|---|---|

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Meridian Common Stock from after the opening of trading on March 24, 2016, through and including the close of trading on October 23, 2017. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /        / |  | $ | $ | ☐ |
| /        / |  | $ | $ | ☐ |
| /        / |  | $ | $ | ☐ |
| /        / |  | $ | $ | ☐ |

| **3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD** – State the total number of shares of Meridian Common Stock purchased/acquired (including free receipts) from after the opening of trading on October 24, 2017, through and including the close of trading on January 19, 2018. If none, write "zero" or "0."[2] | |
|---|---|

| **4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Meridian Common Stock from after the opening of trading on March 24, 2016, through and including the close of trading on Janaury 19, 2018. (Must be documented.) | **IF NONE, CHECK HERE** |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /        / |  | $ | $ | ☐ |
| /        / |  | $ | $ | ☐ |
| /        / |  | $ | $ | ☐ |
| /        / |  | $ | $ | ☐ |

| **5. ENDING HOLDINGS** – STATE THE TOTAL NUMBER OF SHARES OF MERIDIAN COMMON STOCK HELD AS OF THE CLOSE OF TRADING ON JANUARY 19, 2018. (MUST BE DOCUMENTED.) IF NONE, WRITE "ZERO" OR "0." | Confirm Proof of Position Enclosed |
|---|---|

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Meridian Common Stock from after the opening of trading on October 24, 2017, through and including the close of trading on January 19, 2018, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**Exhibit A-4**
**Proof of Claim**

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX<br>IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED | ☐ |
| --- | --- |

### PART IV – SCHEDULE OF TRANSACTIONS IN MERIDIAN CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired Meridian Call Options during the period from March 24, 2016 through and including October 23, 2017. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Meridian Call Options.

| 1. **BEGINNING HOLDINGS** – Separately list all positions in Meridian Call Option contracts in which you had an open interest as of the opening of trading on March 24, 2016. (Must be documented.) | IF NONE, CHECK HERE<br>☐ |
| --- | --- |

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| --- | --- | --- |
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

**2. PURCHASES/ACQUISITIONS OF MERIDIAN CALL OPTIONS** – Separately list each and every purchase/acquisition (including free receipts) of Meridian Call Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian call option contracts that you held long as of the close of trading on October 23, 2017. (Must be documented.)

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised<br>Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |

| 3. **SALES OF MERIDIAN CALL OPTIONS** – Separately list each and every sale/disposition (including free deliveries) of Meridian Call Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian Call Option contracts that you held long as of the close of trading on October 23, 2017. (Must be documented.) | IF NONE, CHECK HERE<br>☐ |
| --- | --- |

| Date of Sale (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
| --- | --- | --- | --- | --- | --- |
| / / | $ | / / | | $ | $ |

**Exhibit A-4**
**Proof of Claim**

| / / | $ | / / | $ | $ |
|---|---|---|---|---|
| / / | $ | / / | $ | $ |
| / / | $ | / / | $ | $ |

**4. ENDING HOLDINGS** – Separately list all positions in Meridian Call Option contracts that you held long as of the close of trading on October 23, 2017 in which you had an open interest as of the expiration date. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN MERIDIAN PUT OPTIONS

Complete this Part V if and only if you sold (wrote) Meridian Put Options during the period from March 24, 2016 through and including October 23, 2017. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Meridian Put Options.

**1. BEGINNING HOLDINGS** – Separately list all positions in Meridian Put Option contracts in which you had an open interest as of the opening of trading on March 24, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

**2. SALES (WRITING) OF MERIDIAN PUT OPTIONS** – Separately list each and every sale (writing) (including free deliveries) of Meridian Put Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian Put Option contracts that you held a short position in as of the close of trading on October 23, 2017. (Must be documented.)

| Date of Sale (Writing) (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| | | | | | | | |

**Exhibit A-4**
**Proof of Claim**

| 3. PURCHASES/ACQUISITIONS OF MERIDIAN PUT OPTIONS – Separately list each and every purchase/acquisition (including free receipts) of Meridian Put Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian Put Option contracts that you held a short position in as of the close of trading on October 23, 2017. (Must be documented.) | | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/ Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| / / | $ | / / | | | $ |
| / / | $ | / / | | | $ |
| / / | $ | / / | | | $ |
| / / | $ | / / | | | $ |

| 4. ENDING HOLDINGS – Separately list all positions in Meridian Put Option contracts that you had a short position in as of the close of trading on October 23, 2017 in which you had an open interest as of the expiration date. (Must be documented.) | | IF NONE, CHECK HERE ☐ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** <br> **IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED** | ☐ |
|---|---|

**Exhibit A-4**
**Proof of Claim**

## PART VI - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 10 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Claim against each and all of the Released Defendants (as defined in the Stipulation and in the Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendants.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. That I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Stipulation and Settlement and the terms of the Plan of Allocation;

2. That the claimant(s) is (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3. That I (we) own(ed) the Meridian Common Stock and Meridian Call Options and had an interest in the Meridian Put Options identified in the Claim Form and have not assigned the claim against the Defendants to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. That the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Meridian Common Stock or Meridian Call Options, or sales of Meridian Put Options, and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5. That the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

6. That I (we) agree to furnish such additional information with respect to this Claim Form as Plaintiff's Counsel, the Claims Administrator or the Court may require;

7. That the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8. That I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim released pursuant to the Release above or any other part or portion thereof;

9. That I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. That the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | | |
|---|---|---|
| Signature of claimant | Print your name here | Date |

| | | |
|---|---|---|
| Signature of joint claimant, if any | Print your name here | Date |

**Exhibit A-4**
**Proof of Claim**

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant          Print your name here          Date

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page 3 of this Claim Form)

**REMINDER CHECKLIST:**

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not use red pen or highlighter on any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@meridiansecuritieslitigation.com, or toll-free at 800-331-8642, or visit www.meridiansecuritieslitigation.com.

Please DO NOT call Meridian or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN [  ]**, ADDRESSED AS FOLLOWS:

*Meridian Bioscience Sec. Litig*
c/o A.B. Data, Ltd.
P.O. Box 173081
Milwaukee, WI  53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [  ] is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully and accurately process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address

# EXHIBIT A-5

**Exhibit A-5**
**Exclusion Form**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN BIOSCIENCE, INC., JOHN A. KRAEUTLER, and MELISSA A. LUEKE,<br><br>Defendants. | Case No. 1:17-cv-00774-SJD<br><br>**CLASS ACTION** |

## EXCLUSION FORM[1]

> **This is NOT a Claim Form. It EXCLUDES you from the Class Action.**
> **DO NOT use this Form if you wish to remain a part of the Class.**

By completing this Exclusion Form, you are choosing to irrevocably opt out of the *Forman v. Meridian Bioscience, Inc.* Class Action (the "Meridian Class Action"). By opting out, you are choosing not to take part in the class action against Meridian Bioscience, Inc. ("Meridian").

By opting out, you cannot file a claim for the Settlement benefits available to you, and you cannot object to the Settlement. If the Settlement does not become effective and the Meridian Class Action continues, you also will be excluded from the ongoing litigation, meaning that you will not share in any recovery that may be received in this case.

Once you opt out of this class action, you will receive no further communications regarding this action from Class Counsel, but for a confirmation that your Exclusion Form has been received.

For more information on the case, please see the Notice enclosed with this Exclusion Form or contact Class Counsel: Shannon L. Hopkins, Levi & Korsinsky, LLP, 1111 Summer Street, Stamford, CT 06905.

---

1 This Exclusion Form incorporates by reference the definitions in the Stipulation of Settlement dated as of September 5, 2019 (the "Stipulation"). Unless otherwise specified, all capitalized terms used, but not defined, herein shall have the same meanings as in the Stipulation. The Stipulation can be obtained at www.meridiansecuritieslitigation.com.

**Exhibit A-5**
**Exclusion Form**

### INSTRUCTIONS

To exclude yourself, you must fully complete and submit this Exclusion Form or mail a request to opt out of the Settlement with supporting documentation to the Claim Administrator, *Meridian Biosciences Sec. Litig.*, Attn: EXCLUSIONS, c/o A.B. Data, Ltd. – Class Action Administration, P.O. Box 173001, Milwaukee, WI 53217.

This form must be fully completed and must be received with supporting documentation no later than _____. Exclusion Forms received after that date will not be accepted.

Your Name: _____ (required)

Your Address: _____ (required)

Your telephone number: _____ (required)

Your email address: _____ (optional)

**Exhibit A-5**
**Exclusion Form**

Separately list each and **every purchase** of **Meridian** common stock during the period March 24, 2016 **through and including** October 23, 2017, and provide all of the following information and supporting documentation. If you have more transactions than will fit on this form, please attach additional forms or additional sheets containing the required information:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares of Common stock Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

Separately list each and every purchase/acquisition (including free receipts) of Meridian Call Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian call option contracts that you held long as of the close of trading on October 23, 2017.

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |
| / / | $ | / / | | $ | $ | | / / |

Separately list each and every sale (writing) (including free deliveries) of Meridian Put Option contracts from after the opening of trading on March 24, 2016, through and including the

**Exhibit A-5**
**Exclusion Form**

expiration date of any Meridian Put Option contracts that you held a short position in as of the close of trading on October 23, 2017. (Must be documented.)

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/ Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|
| / / | $ | / / | | | $ |
| / / | $ | / / | | | $ |
| / / | $ | / / | | | $ |
| / / | $ | / / | | | $ |

Separately list each and **every sale** of Meridian common stock during the period March 24, 2016 **through and including** October 23, 2017, and provide the following information and supporting documentation. If you have more transactions than will fit on this form, please attach additional forms or additional sheets containing the required information.

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares of Common Stock Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |
| ___/___/___ | | $ | $ |

Separately list each and every sale/disposition (including free deliveries) of Meridian Call Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian Call Option contracts that you held long as of the close of trading on October 23, 2017.

4

**Exhibit A-5**
**Exclusion Form**

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /  / |
| /    / | $ | /    / | | $ | $ | | /  / |
| /    / | $ | /    / | | $ | $ | | /  / |
| /    / | $ | /    / | | $ | $ | | /  / |

Separately list each and every purchase/acquisition (including free receipts) of Meridian Put Option contracts from after the opening of trading on March 24, 2016, through and including the expiration date of any Meridian Put Option contracts that you held a short position in as of the close of trading on October 23, 2017.

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /  / |
| /    / | $ | /    / | | $ | $ | | /  / |
| /    / | $ | /    / | | $ | $ | | /  / |
| /    / | $ | /    / | | $ | $ | | /  / |

**Exhibit A-5**
**Exclusion Form**

### DECLARATION

I declare that I wish to irrevocably <u>opt out</u> and be <u>excluded</u> from the Meridian Class Action.

I understand that by submitting this Exclusion Form, I will be excluded from the Meridian Class Action and will not be bound by its outcome. As a result, I will be excluded from any settlement or any damages that may be awarded by the Court.

_____         _____
Signature                                                          Date

If you choose to exclude yourself from the Class Action, return your completed Exclusion Form to:

Meridian Biosciences Sec. Litigation
ATTN: EXCLUSIONS
c/o A.B. Data, Ltd . – Class Action Administration
P.O. Box 173001
Milwaukee, WI 53217
info@meridiansecuritieslitigation.com

PLEASE DO NOT CALL THE COURTHOUSE OR THE CLERK OF THE COURT ABOUT THIS ACTION. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS ABOUT THE LAWSUIT.

6

# EXHIBIT B

**Exhibit B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>MERIDIAN BIOSCIENCE, INC., JOHN A. KRAEUTLER, and MELISSA A. LUEKE<br><br>      Defendants. | Case No. 1:17-cv-00774-SJD<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT**<br><br>Judge:    Hon. Susan J. Dlott |

This matter came before the Court for a hearing pursuant to the Order of this Court entered on _____, 2019 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement (the "Stipulation"), executed as of September 5, 2019 and filed with the Court on that date. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Notice, publication of the Summary Notice, and compliance with 28 U.S.C. § 1715 in accordance with the Preliminary Approval Order.  Due and adequate notice having thus been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES as follows:

1.      This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a Settlement Class consisting of all Persons who purchased or otherwise acquired Meridian Bioscience, Inc. ("Meridian") securities on the open market between March 24, 2016 and October 23, 2017, inclusive, and who were damaged thereby, including the Class Representative (defined in paragraph 3 below).  Excluded from the Settlement Class are Defendants; members of the Individual Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family; any trust of

which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family; and the legal representatives, heirs, or successors-in-interest of the Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class in accordance with the instructions provided in the Notice, listed on Exhibit 1 hereto.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff Barbara Forman is appointed as the class representative for the Settlement Class ("Class Representative") and Lead Counsel Levi & Korsinsky, LLP is appointed as counsel for the Settlement Class.

4.      The Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Court-appointed Class Representative is typical of the claims of the Settlement Class she represent; (d) Class Representative and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the Action in this particular forum; and (iv) the likely difficulties in managing the Action.  Accordingly, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, the Court certifies the Settlement Class, solely for the purposes of effectuating this Settlement.

5.     This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the form and methodology of notice, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)     constituted the best practicable notice to Settlement Class Members under the circumstances;

(b)     were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the nature of the action; (ii) the definition of the Class to be certified; (iii) the class claims, issues, and Defendants' defenses; (iv) the terms and effect of the Stipulation and the proposed Settlement of this Action; (v) their right to exclude themselves from the Settlement Class; (vi) their right to object to any aspect of the proposed Settlement; (vii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (viii) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

(c)     were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

(d)     fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and hereby fully and finally approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  Accordingly, the Parties and their counsel are hereby authorized and directed to implement and consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation and in this Judgment.

7.     The Action and all Released Claims are **DISMISSED WITH PREJUDICE** in their entirety.  The Parties shall bear their own costs, except as and to the extent provided in the Stipulation, this Final Judgment and Order ("Judgment"), or any other Order by this Court awarding attorneys' fees and expenses.

8.     In accordance with Paragraph 1.5 of the Stipulation, the term "Defendants" means Meridian Bioscience, Inc. ("Meridian"), John A. Kraeutler, and Melissa A. Lueke.

9.     In accordance with Paragraph 1.31 of the Stipulation, for purposes of this Judgment the term "Related Persons" means and includes: (1) with respect to Meridian, each of its predecessors, successors, past, present or future parents, subsidiaries, and affiliates, each of its respective past, present, or future officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which Meridian has or had a controlling interest; and (2) with respect to the Individual Defendants, their respective spouses, immediate family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors,

successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past, present, or future officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

10.     In accordance with Paragraph 1.33 of the Stipulation, for purposes of this Judgment the term "Released Persons" means and includes each and all of the Defendants and their respective Related Persons.

11.     In accordance with Paragraph 1.32 of the Stipulation, for purposes of this Judgment the term "Released Claims" means any and all claims, demands, and causes of action of every nature and description (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, charges, or liability whatsoever), whether known or unknown or discoverable or undiscoverable, whether class, derivative, or individual in nature, which now exist or have existed or have been or could have been asserted in any forum by Plaintiff or any Settlement Class Member, or any Person claiming through or on behalf of any of them, against any of the Released Persons arising out of or relating to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in this Action, or which could have been alleged in this Action. Released Claims do not include claims to enforce the Settlement.

12.     Upon the Effective Date, Class Representative and all other Settlement Class Members, each of their respective Related Persons, and all other Persons claiming through or on behalf of any of them, shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims against the Released Persons; (b) subject to and bound by the provisions of the Stipulation and this

Judgment, the releases contained herein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class; and (c) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons.

13.     Upon the Effective Date, Defendants shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, Settlement Class Members, Lead Counsel and their respective Related Persons from all claims arising out of or relating to the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims ("Defendants' Released Claims"); provided, however, that nothing herein shall in any way restrict or impair the rights of any Defendant or other Released Person to enforce the terms of the Stipulation and Settlement; and (b) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Defendants' Released Claims against Class Representative, Settlement Class Members and/or Lead Counsel.

14.     All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Judgment.

15.     This Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all

matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation:

        (a)     shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

        (b)     shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in any Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

        (c)     shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

        (d)     shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to the Stipulation to effectuate the release of Released Claims and other liability protections granted to them in the Stipulation;

        (e)     shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

        (f)     shall not be construed as or received in evidence as an admission, concession or presumption against Class Representative or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants

have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount;

(g)     shall not be used in any manner otherwise prohibited by paragraphs 10.1–10.4 of the Stipulation; and

(h)     shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action or in any other proceeding.

Notwithstanding any provision herein to the contrary, any Party or Released Person may file or introduce the Stipulation or this Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.  Further, any Released Person may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

17.     Any orders regarding the Plan of Allocation of the Net Settlement Fund, attorneys' fees and expenses, or any award to Class Representative, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

18.     No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to:   (a) any act, omission or determination of Lead Plaintiff's counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the Escrow Account; (f) any application for, or award of, attorney fees and expenses to Lead Plaintiff's counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

19.     This Court finds that Class Representative Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

20.     This Court finds that during the course of the Litigation, the Class Representative, Lead Counsel and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

21.     Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

22.     The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 11.8 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

23.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

24.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment.  The Clerk is hereby directed to immediately enter this Judgment. SO ORDERED this _____ day of _____, 201__.


_____
The Honorable Susan J. Dlott
United States District Court Judge