# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN BIOSCIENCE, INC., JOHN A. KRAEUTLER, and MELISSA A. LUEKE<br><br>Defendants. | Case No. 1:17-cv-00774-SJD<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO SETTLEMENT CLASS**<br><br>Judge:   Hon. Susan J. Dlott |

Presented to the Court for preliminary approval is a proposed settlement of all claims asserted against all Defendants in the above-captioned action (the "Action"). The terms of the proposed Settlement are set out in the Amended Stipulation of Settlement (the "Stipulation") executed by counsel for the Parties as of October 7, 2019. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court, having reviewed the Stipulation to determine, among other things, whether the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to Class Members, hereby ORDERS, ADJUDGES AND DECREES as follows:

1. **Jurisdiction.** The Court has jurisdiction over the subject matter of this Action, the proposed Settlement, and the Parties, and retains jurisdiction to consider all claims, applications, requests for exclusion, requests to appear or objections arising out of or in connection with the proposed Settlement.

2. **Preliminary Findings Concerning Proposed Settlement.** The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious arm's-length and non-collusive negotiations between the Parties; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Lead Plaintiff Barbara Forman ("Plaintiff") or any other Settlement Class Members; and (v) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below in ¶ 5. Accordingly, the Court hereby preliminarily approves the Stipulation and the proposed Settlement set forth therein, subject to further consideration at the Final Approval Hearing.

3.  **Settlement Class Defined.** As defined in the Stipulation, "Settlement Class" and "Settlement Class Members" mean and include all Persons who purchased or otherwise acquired Meridian securities on the open market between March 24, 2016 and October 23, 2017, inclusive, including Plaintiff. Excluded from the Settlement Class are Defendants; members of the Individual Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family; and the legal representatives, heirs, or successors-in-interest of the Settling Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in the Notice.

4.  **Preliminary Certification of Settlement Class.** With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement only that (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the Action in this particular forum; and (iv) the likely difficulties in

managing the Action. Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the Settlement Class, solely for the purpose of effectuating this Settlement, subject to further consideration at the Final Approval Hearing.

5. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") will be held on March 16, 2020 at 2:00 p.m. before the Honorable Susan J. Dlott in Courtroom 7, Room 117 of the United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202, to consider, among other things: (a) whether the proposed Settlement of the Action on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) whether to certify a Settlement Class for purposes of the Settlement; (c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) whether a Final Judgment and order of dismissal with prejudice substantially in the form of Exhibit B to the Stipulation should be entered in this Action; (e) whether to award Plaintiff's Counsel attorneys' fees and expenses or an award to Plaintiff; (f) any Settlement Class Members' objections submitted in accordance with the Notice; and (g) such other matters as the Court may deem appropriate.

6. **Final Papers.** All opening briefs and supporting documents in support of final approval of the Settlement, approval of the Plan of Allocation, and an award of Plaintiff's Counsel's attorneys' fees and expenses shall be filed with the Court and served no later than February 10, 2020, thirty-five (35) calendar days before the Final Approval Hearing. Plaintiff shall also submit a proposed final order awarding fees and expenses at that time.

7. **Plaintiff and Lead Counsel.** Solely for purposes of the Stipulation and the Settlement, the Court appoints Plaintiff as class representative of the Settlement Class pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure, and Lead Counsel is appointed as class counsel. Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of all Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. **Notice.** The Court approves the form, substance, and requirements of the Postcard Notice, Notice, and Summary Notice (together, the "Notices") annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in ¶ 9 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to accurately describe the terms and effect of the Stipulation and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law. No Settlement Class Member will be relieved from the terms of the Settlement or the Judgment, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9. **Retention of Claims Administrator and Manner of Notice.** Lead Counsel is hereby authorized to retain A.B. Data, Ltd. to supervise and administer the notice procedure and the processing of claims under the supervision of Lead Counsel as more fully set forth below:

(a) Not later than twenty-eight (28) calendar days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached as Exhibit A-1 to the Stipulation of Settlement, to be sent to each Settlement Class Member who can be identified by reasonable effort. Such Notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Member's last known address.

(b) Not later than the Notice Date, the Claims Administrator shall post information about the Settlement and relevant deadlines to the settlement website, www.meridiansecuritieslitigation.com, and have available for download copies of at least the following documents: the Stipulation of Settlement, this Order, the Notice (Exhibit A-2), and the Proof of Claim and Release Form (Exhibit A-4). Motion papers in support of preliminary approval and final approval of the Settlement will also be posted to the website when available. The Claims Administrator shall mail a copy of the Notice, and Proof of Claim and Release Form to anyone who requests a copy thereof.

(c) Not later than seven (7) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, to be published online through a widely circulated newswire service.

(d) Not later than thirty-five (35) days after publication of the Summary Notice, Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

10. **Nominee Purchasers.** Banks, brokerage firms, institutions, and other nominees who purchased Meridian securities for the beneficial interest of other Persons during the Settlement Class Period ("Nominee Purchasers") shall, within ten (10) calendar days of receipt of the Postcard Notice or the Notice, provide to the Claims Administrator the name, the last known

mailing address, and email address of each Person for whom they purchased Meridian securities for during the Settlement Class Period. Upon timely completion of this research and provision of information to the Claims Administrator, and after receiving appropriate supporting documentation of the same, Lead Counsel and/or the Claims Administrator are authorized to reimburse Nominee Purchasers out of the Settlement Fund for their reasonable out-of-pocket expenses (not to exceed $0.15 per Settlement Class Member identified) incurred, subject to further order of this Court with respect to any dispute concerning such compensation. The Claims Administrator is not permitted to provide Nominee Purchasers with bulk copies of the Postcard Notice or Notice for dissemination to Settlement Class Members, and Nominee Purchasers are not eligible for reimbursement of their print, postage and other expenses incurred due to their own dissemination of the Postcard Notice or Notice to potential Settlement Class Members.

11. **CAFA Notice.** The Class Action Fairness Act of 1995, 28 U.S.C. § 1715 ("CAFA"), requires each defendant participating in a class action settlement to notify appropriate Federal and State officials of the proposed settlement within ten (10) calendar days after it is filed in court. Not later than February 10, 2020, thirty-five (35) days before the Final Approval Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

12. **Participation in the Net Settlement Fund.** Each Settlement Class Member who wishes to participate in recovery from the Net Settlement Fund must submit a valid and timely Proof of Claim and Release form to the Claims Administrator at the address indicated in the form and the Notice.

    (a) To be valid and timely, a Proof of Claim and Release must be: (i) postmarked or actually received by the Claims Administrator no later than ninety (90) calendar

days from the Notice Date, which deadline may be further extended by Order of the Court; (ii) accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as may be deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the Person executing the Proof of Claim and Release is acting in a representative capacity, accompanied by a certification of his, her, or its current authority to act on behalf of the Settlement Class Member; (iv) complete, with no material deletions or modifications of any of the printed matter contained therein; and (v) signed under penalty of perjury.

(b) Once the Claims Administrator receives a timely Proof of Claim and Release, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure any deficiency if it appears that such deficiency may be cured. Every person who files a claim has the right to be heard by the Court with respect to the rejection of that claim.

(c) By submitting a Proof of Claim and Release, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted.

(d) No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic. No dispute regarding a Proof of Claim and Release shall affect or delay the entry or finality of the Judgment or any alternative judgment approving the Settlement.

(e) Any Settlement Class Member who does not submit a timely and valid Proof of Claim and Release shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Settlement and the Judgment, including the releases provided for therein.

(f) Notwithstanding any provision in this paragraph to the contrary, Lead Counsel may, in their discretion, accept late-submitted Proof of Claim and Release forms for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

13. **Exclusions from the Settlement Class.** Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Requests for exclusion must be in writing, signed by the Person seeking exclusion, and must state: (i) the name, mailing address, daytime telephone number, and e-mail address (if any) of the Person seeking exclusion; (ii) each of the Person's purchases and sales of Meridian securities during the Settlement Class Period, including, for each purchase or sale, the date, number of shares or contracts and price of the shares or contracts purchased or sold (with supporting documentation); and (iii) that the Person specifically requests to be excluded from the Settlement Class in Forman v. Meridian Bioscience, et al., Case No. 1:17-cv-00774-SJD (S.D. Ohio). A request for exclusion shall not be effective unless it legibly provides the required information, includes supporting documentation (*e.g.* brokerage account statements), and is timely submitted to the Claims Administrator at the address provided in the Notice, or is otherwise accepted by the Court. To be timely, a request for exclusion must be sent to the Claims Administrator by first class mail and postmarked no later than February 17, 2020, twenty-eight (28) days before the Final Approval

Hearing. Lead Counsel may contact any Person submitting a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not participate in the Settlement or share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action or the releases provided for therein.

14. **All Non-Excluded Settlement Class Members Bound.** Unless otherwise ordered by the Court, upon the Effective Date, all Settlement Class Members who have not timely and validly requested exclusion from the Settlement Class in accordance with ¶ 13 above shall be subject to and bound by the provisions of the Stipulation and the Judgment, the releases contained therein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Net Settlement Fund.

15. **Objections to Settlement.** Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the Plan of Allocation, to any term of the Stipulation, or to the award to Plaintiff's Counsel of attorneys' fees and expenses, must submit a written objection stating: (a) the objector's name, mailing address, daytime telephone number, and e-mail address (if any); (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or an award of attorneys' fees and/or expenses and/or awards to Plaintiff in Forman v. Meridian Bioscience, et al., Case No. 1:17-cv-00774-SJD (S.D. Ohio); and (c) the reason(s), if any, for each such objection made. The objection should be accompanied by any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in

support of such objection. In addition, the objection must be signed by the objector and accompanied by documentation showing each of the objector's purchases and sales of Meridian securities during the Settlement Class Period, including, for each purchase or sale, the date, number of securities and price of the securities purchased or sold. The objector (or an attorney hired at his, her, or its expense) must mail the objection and any supporting documentation to the Court so that it is postmarked no later than February 17, 2020, twenty-eight (28) calendar days before the Final Approval Hearing, or otherwise file the objection and supporting documentation by the same date. The address for mailing objections to the Court is:

> Clerk of the Court
> United States District Court Southern District of Ohio
> Potter Stewart U.S. Courthouse
> Room 103
> 100 East Fifth Street
> Cincinnati, Ohio 45202

Objectors are not required to serve objections on the Parties or the Claims Administrator. Objections mailed to the Court will be promptly filed by the Clerk of the Court and served on the Parties through the Court's ECF system. Any Settlement Class Member or other Person who does not timely mail or file a written objection in accordance with this paragraph shall be deemed to have waived, and shall forever be foreclosed from making or raising, any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiff's Counsel for their representation of the Settlement Class, and any untimely objection will be barred.

16. **Appearance at Final Approval Hearing.** Any objector who mails or files a timely, written objection in accordance with the instructions in ¶ 15 above and in this ¶ 16 may appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Final Approval Hearing, however, in order to have their

objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Approval Hearing must indicate in their written objection (or in a separate writing mailed or filed in the same manner no later than February 17, 2020, twenty-eight (28) calendar days before the Final Approval Hearing) that they intend to appear at the Final Approval Hearing and must identify any witnesses they may call to testify and any exhibits they intend to introduce into evidence. Any objector who does not timely mail or file a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, unless otherwise ordered by the Court.

17. **Service of Papers.** Defendants' counsel and Lead Counsel shall promptly furnish all Parties with copies of any and all objections, notices of intention to appear and requests for exclusion that come into their possession. Pursuant to ¶ 15 of this Order, objections are to be sent by objectors to the Court (not the Parties), and the Clerk of the Court will file those objections on the docket. In the event Defendants' counsel or Lead Counsel receive an objection or notice to appear that on its face does not indicate it was also sent to or filed with the Court, they will file that objection or notice to appear with the Court. Any replies, including any opposition or response by the Parties to objections, notices of intention to appear and requests for exclusion, shall be filed with the Court no later than March 9, 2020, seven (7) days before the Final Approval Hearing.

18. **Fees and Expenses.** All reasonable Notice and Administration Costs incurred in identifying and notifying Settlement Class Members and administering the Settlement shall be paid as set forth in the Stipulation. Following entry of this Order, Lead Counsel may expend from the Settlement Fund up to One Hundred Thousand Dollars ($100,000.00) to pay Notice and Administration Costs actually incurred without further order of the Court, provided that all such expenses must be disclosed in Plaintiff's motion for a Distribution Order. Further, all Taxes and

Tax Expenses shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or the Effective Date otherwise fails to occur for any reason, neither Plaintiff nor Lead Counsel shall have any obligation to repay the reasonable and necessary Notice and Administration Costs, Taxes and Tax Expenses actually paid, incurred or due and owing as of the date the Settlement is terminated (as such date is determined pursuant to the terms of the Stipulation). At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and Plaintiff's Counsel's Fee and Expense Application should be approved. Neither Defendants nor any other Released Person shall have any responsibility for any Plan of Allocation or Plaintiff's Counsel's Fee and Expense Application or any Fee and Expense Award that may be entered by the Court, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any orders or proceedings relating to the Plan of Allocation or the award of attorneys' fees and/or expenses shall not operate to terminate or cancel the Stipulation or the Settlement or otherwise affect or delay approval of the Settlement or the finality of the Judgment.

19. **Jurisdiction Over Settlement Fund.** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they are distributed pursuant to the Stipulation or further order(s) of the Court. Under no circumstances shall Lead Counsel disburse any portion of the Settlement Fund before the Effective Date without an order of the Court, except as permitted by ¶ 18 of this Order.

20. **Bar on Litigating Settled Claims.** Pending final determination of whether the Settlement should be approved, Plaintiff and all other Settlement Class Members, and anyone who acts or purports to act on their behalf, are hereby prohibited, barred and enjoined from instituting,

prosecuting, participating in, or assisting in the institution, prosecution, or assertion of any Released Claim(s), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, against any of the Released Persons.

21. **Termination of Settlement.** If the Stipulation and the Settlement set forth therein is not approved or is terminated or the Effective Date does not occur for any other reason, the Stipulation and Settlement and all proceedings in connection therewith, including, without limitation, this Order (and its preliminary certification of the Settlement Class), shall be rendered null and void and shall be treated as vacated *nunc pro tunc*, except that any obligations or provisions relating to payment of Notice and Administration Costs and any other obligation or provision that is expressly designated in the Stipulation to survive termination of the Settlement shall survive such termination.

22. **Use of Order.** Neither this Order nor the Stipulation, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall constitute or be construed or used: (a) as an admission, concession, or presumption by or against Defendants or any of the Released Persons of any fault, wrongdoing, breach, or liability of any kind; or (b) as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have; (c) in any manner prohibited by ¶¶ 10.1–10.4 of the Stipulation.

23. **Stay.** All proceedings in this Action shall be stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the

Stipulation and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24. **Continuance or Adjournment of Hearing.** The Court reserves the right to continue or adjourn the Final Approval Hearing from time to time without further notice to the Settlement Class. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

SO ORDERED this 9th day of Oct, 2019.

*Susan J. Dlott*
The Honorable Susan J. Dlott
United States District Court Judge