IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA FORMAN, Individually and On Behalf of All Others Similarly Situated, | : : : : | Case No. 1:17-cv-774 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| v. | : : | |
| MERIDIAN BIOSCIENCE, INC., *et al.*, | : : | Order Granting Final Approval of Settlement |
| Defendants. | : : | |

This matter came before the Court for a Fairness Hearing on March 16, 2020 pursuant to

the Order of this Court entered on October 9, 2019 ("Preliminary Approval Order") and on the

application of the Parties for approval of the Settlement set forth in the Amended Stipulation and

Agreement of Settlement (the "Stipulation"), executed as of October 7, 2019 and filed with the

Court on that date. All capitalized terms used herein have the meanings set forth and defined in

the Stipulation.

The Court issues this Final Approval of Settlement only after due consideration of the

following documents: (1) Amended Stipulation of Settlement dated October 7, 2019 (Doc. 56-2

at PageID 995–1030); (2) Plan of Allocation set forth in the long-form Notice of Proposed Class

Action Settlement (Doc. 56-2 at PageID 1056–1067); (3) Affidavit of Scott Hakala, Ph.D (Doc.

56-3); (4) Order Granting Preliminary Approval of Settlement and Directing Dissemination of

Notice to Settlement Class (Doc. 58); (5) Lead Plaintiff's Motion for Final Approval of Class

Action Settlement, Class Certification and Plan of Allocation (Docs. 61, 61-1); (6) Counsel's

Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and a

Contribution Award (Docs. 62, 62-1); (7) Declaration of Sebastiano Tornatore (Doc. 63); (8)

1

Supplemental Declaration of Sebastiano Tornatore (Doc. 65); (9) [Second] Supplemental Declaration of Eric Schachter (Doc. 65-1); (10) Final Fairness Hearing Presentation (Doc. 66-1); and (11) other supporting documents.

The Court has received declarations attesting to the mailing of the Notice, publication of the Summary Notice, and compliance with 28 U.S.C. § 1715 in accordance with the Preliminary Approval Order. Due and adequate notice having thus been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES as follows:

1. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a Settlement Class consisting of all Persons who purchased or otherwise acquired Meridian Bioscience, Inc. ("Meridian") securities on the open market between March 24, 2016 and October 23, 2017, inclusive, and who were damaged thereby, including the Class Representative (defined in paragraph 3 below). Excluded from the Settlement Class are Defendants; members of the Individual Defendants' immediate families; officers, directors, and subsidiaries of Meridian; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his or her benefit and/or that of any member of his or her immediate family; and the legal representatives, heirs, or successors-in-

interest of the Defendants.  Also excluded from the Settlement Class is the sole person who timely and validly requested exclusion from the Settlement Class in accordance with the instructions provided in the Notice:  David Lutzewitz, Exclusion ID 69148567.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff Barbara Forman is appointed as the class representative for the Settlement Class ("Class Representative") and Lead Counsel Levi & Korsinsky, LLP is appointed as counsel for the Settlement Class.

4.     The Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Court-appointed Class Representative is typical of the claims of the Settlement Class she represents; (d) Class Representative and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the Action in this particular forum; and (iv) the likely difficulties in managing the Action.  Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the Settlement Class, solely for the purposes of effectuating this Settlement.

5.     This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the form and methodology of notice, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)     constituted the best practicable notice to Settlement Class Members under the circumstances;

(b)     were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the nature of the action; (ii) the definition of the Class to be certified; (iii) the class claims, issues, and Defendants' defenses; (iv) the terms and effect of the Stipulation and the proposed Settlement of this Action; (v) their right to exclude themselves from the Settlement Class; (vi) their right to object to any aspect of the proposed Settlement; (vii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (viii) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

(c)     were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

(d)     fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with standards set forth in *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. General Motors Corporation*, 497 F.3d 615 (6th Cir. 2007), the Court finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and hereby fully and finally approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  The Court notes that no objections to the Settlement were received.  Accordingly, the Parties and their counsel are hereby authorized and directed to implement and consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation and in this Final Approval of Settlement.

7.      The Action and all Released Claims are DISMISSED WITH PREJUDICE in their entirety.  The Parties shall bear their own costs, except as and to the extent provided in the Stipulation, this Final Approval of Settlement, or any other Order by this Court.

8.      In accordance with Paragraph 1.5 of the Stipulation, the term "Defendants" means Meridian, John A. Kraeutler, and Melissa A. Lueke.

9.      In accordance with Paragraph 1.31 of the Stipulation, for purposes of this Final Approval of Settlement the term "Related Persons" means and includes: (1) with respect to Meridian, each of its predecessors, successors, past, present or future parents, subsidiaries, and affiliates, each of its respective past, present, or future officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which Meridian has or had a controlling interest; and (2) with respect to the Individual Defendants, their respective spouses, immediate family members, heirs, successors, executors, estates, administrators, attorneys,

agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past, present, or future officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

10.     In accordance with Paragraph 1.33 of the Stipulation, for purposes of this Final Approval of Settlement the term "Released Persons" means and includes each and all of the Defendants and their respective Related Persons.

11.     In accordance with Paragraph 1.32 of the Stipulation, for purposes of this Final Approval of Settlement the term "Released Claims" means any and all claims, demands, and causes of action of every nature and description (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, charges, or liability whatsoever), whether known or unknown or discoverable or undiscoverable, whether class, derivative, or individual in nature, which now exist or have existed or have been or could have been asserted in any forum by Plaintiff or any Settlement Class Member, or any Person claiming through or on behalf of any of them, against any of the Released Persons arising out of or relating to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in this Action, or which could have been alleged in this Action.  Released Claims do not include claims to enforce the Settlement.

12.     Upon the Effective Date, Class Representative and all other Settlement Class Members, each of their respective Related Persons, and all other Persons claiming through or on

behalf of any of them, shall be: (a) deemed to have, and by operation of this Final Approval of Settlement shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims against the Released Persons; (b) subject to and bound by the provisions of the Stipulation and this Final Approval of Settlement, the releases contained herein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class; and (c) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons.

13. Upon the Effective Date, Defendants shall be: (a) deemed to have, and by operation of this Final Approval of Settlement shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, Settlement Class Members, Lead Counsel and their respective Related Persons from all claims arising out of or relating to the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims ("Defendants' Released Claims"); provided, however, that nothing herein shall in any way restrict or impair the rights of any Defendant or other Released Person to enforce the terms of the Stipulation and Settlement; and (b) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Defendants' Released Claims against Class Representative, Settlement Class Members and/or Lead Counsel.

14. David Lutzewitz, Exclusion ID 69148567, is hereby excluded from the Settlement Class, is not bound by this Final Approval of Settlement, and may not make any claim with

respect to or receive any benefit from the Settlement. He may not pursue any Released Claims on behalf of those who are bound by this Judgment.

15. This Final Approval of Settlement, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation:

(a) shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b) shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in any Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(c) shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

(d) shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to the

Stipulation to effectuate the release of Released Claims and other liability protections granted to them in the Stipulation;

(e)      shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f)      shall not be construed as or received in evidence as an admission, concession or presumption against Class Representative or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount;

(g)      shall not be used in any manner otherwise prohibited by paragraphs 10.1– 10.4 of the Stipulation; and

(h)      shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action or in any other proceeding.

(i)      Notwithstanding any provision herein to the contrary, any Party or Released Person may file or introduce the Stipulation or this Final Approval of Settlement in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Final Approval of Settlement, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.  Further, any Released Person may file the Stipulation and/or the Final Approval of Settlement in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or

any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     Without affecting the finality of this Final Approval of Settlement or the separate Judgment to follow in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

17.     Any orders regarding the Plan of Allocation of the Net Settlement Fund, this Final Approval of Settlement, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of the Judgment to follow and shall be considered separate from the Judgment.

18.     No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to: (a) any act, omission or determination of Lead Plaintiff's counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the Escrow Account; (f) any application for, or award of, attorney fees and expenses to Lead Plaintiff's counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in

connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

19. This Court finds that Class Representative and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

20. This Court finds that during the course of the Litigation, the Class Representative, Lead Counsel, and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

21. Nothing in this Final Approval of Settlement constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

22. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 11.8 of the Stipulation, are not materially inconsistent with this Final Approval of Settlement, and do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

23. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Approval of Settlement (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance

with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

24.     In accordance with ¶7.5 of the Stipulation, after Lead Counsel have reallocated any balance among the Authorized Claimants in an equitable fashion, the balance of the Net Settlement Fund shall be donated to the Legal Aid Society of Cincinnati.

25.     Plaintiff's Counsel are awarded attorney fees in the amount of $630,000 and expenses in the amount of $67,601.45 from the Net Settlement Fund. The Court finds the attorney fees sum to be fair and reasonable under the standards set forth in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (1974). The lodestar value of Plaintiff's Counsel's services was in excess of $790,000. Had Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants. Counsel shall allocate the attorneys' fees awarded in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

26.     Lead Plaintiff Barbara Forman is awarded $5,000 as an incentive award from the Settlement Fund. She has offered an Affidavit (Doc. 63-5) in which she avers that she provided forty hours of service as the Lead Plaintiff. The Court finds that the incentive award is consistent with the standards set forth in *Shane Group v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 311 (6th Cir. 2016).

27.     Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Class Certification and Plan of Allocation (Doc. 61) and Counsel's Motion for an Award of Attorneys'

Fees and Reimbursement of Litigation Expenses and a Contribution Award (Doc. 62) are hereby **GRANTED.**

28.     The provisions of this Final Approval of Settlement constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment.  The Clerk is hereby directed to immediately enter judgment.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2020.

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge